Weldon,. J.,
delivered the opinion of the court:
This is a proceeding to recover the surplus proceeds of a sale •of land for taxes under, the acts of August 5, 1861,. and July 7, 1862.
Finding i shows that the claimant was the owner in fee of the land described in the petition at the time of the sale by the United States for taxes. The amount- assessed against the property was $12.50 and the amount bid by the United States was $190, leaving a difference of $177.50, and for that amount the claimant files his petition and asks a judgment.
A portion of the land embraced in said sale was sold by the United States, for which they received $343; a portion of it was used, by the order of the President, for a national cerne- *340 tery; and a part of it, about one-third, was redeemed by the-claimant, under the act approved June 8,1872, entitled “Am act to provide for the redemption and sale of lands held by the-United States under the several acts levying direct taxes, and for other purposes.”
It is insisted by the claimant that he is entitled to the whole-of the $190, less the taxes and cost; and the fact that he lias-redeemed a portion of the land by the payment of its portion of the aggregate tax does not affect his right to the whole of' the surplus proceeds under the laws regulating the sale of' lands for delinquent taxes. If the contention, of the claimant be the proper construction of the statute, then it must follow that a party, simply by paying taxes, interest, and costs, under and by the redemption is to receive whatever the agents of the government may have seen fit to bid at the sale for taxes.
The words of the statute do not give the claimant the right insisted on in this case, and the only question is, does a proper and necessary construction impel the court to recognize the-right of the plaintiff as alleged in his petition and contended for by his counsel in the argument?
We are referred to the case of United States v. Lawton (110 U. S. R., 149).
The precise question arising on this record did not arise lit the Lawton Case, and although the court held in that case that in legal contemplation the surplus, beyond tax, interest, penalty, and costs, must be regarded as being in the Treasury of the United States, under the provisions of section 36 of the act-of 1861, it does not follow from the reasoning of that decision that in a case of this kind the claimant can recover the whole-of the surplus proceeds.
Congress, by the enactment of the statute allowing redemption, certainly did not intend to pay a premium on delinquency,, and reward a party for a failure to perform one of the first duties of a citizen, to wit, the payment of his tax.
■ The theory, as stated by the Supreme Court, upon which the-claimant in this class of cases maintains a suit, is that there is an implied contract on the part of the government to pay over the surplus proceeds. (United States v. Lawton, 110, 150.) The obligation on the part of the government arises from the fact that ib has bought and holds lands once belonging to the claimant: but after the redemption, under the provisions of *341 •the act of 1872, one of the conditions, to wit, the' appropriation of the land by the United States, has failed.
The defendants never derived any profit from the sale, so far .-as that portion is concerned which was redeemed by the claimant under the act of 1872. When the claimant redeemed the land by payment of taxes, interest, and cost, he did simply what he was bound to do in the first instance, and ought not to be permitted to profit by his negligence and indifference.
There has been no direct undertaking upon the part of the •defendants to pay the claimant the surplus proceeds as to the one-third of the land; and the obligation, if it exists sufficient to maintain an action, must grow out of the liability imposed ■on the government by the statutes, and in the opinion of the •court those statutes never intended that the claimant should be possessed both of the land and its representative, the surplus proceeds.
When the claimant redeemed one-third of the land sold, so much of the money in the Treasury as was the representative •of the land ceased to exist as such, the land in the claimant, "by the legal effect of the redemption, taking the place of the money in the Treasury; and by legal intendment the transfer ■of the land to the claimant, under the act of 1872, transferred to the United States its equivalent in money in the surplus proceeds, which in legal contemplation was in the Treasury as the result of the sale of the land for the non-payment of taxes.
The right to the money and the ownership by redemption of the land cannot coexist; and when the petitioner redeemed mnder the act of 1872, he thereby surrendered his right to the money represented by the surplus proceeds.
Any other construction of the statute involves an absurdity, compels the United States to pay money to the claimant which they do not hold to his use, and rewards a party for an omission' to perform one of the first duties which every subject owes the State. It is, therefore, the judgment of the court that the claimant recover the sum of $118.33, that being two-thirds of the surplus proceeds, and for that amount a judgment will be entered.