## UNITED STATES *v.* SAUNDERS.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted January 7, 1887. — Decided January 24, 1887.

A clerk in the office of the President of the United States, who is also appointed to be the clerk of a committee of Congress, and who performs the duties of both positions, is entitled to receive the compensation appropriated and allowed by law for each.

Sections 1763, 1764, and 1765 of the Revised Statutes have no application to the case of two distinct offices, places, or employments, each with its own duties and compensation, but both held by one person at the same time.

THIS was a suit to recover salary withheld. The case is stated in the opinion of the court.

*Mr. Attorney General* and *Mr. Heber J. May* for appellant.

*Mr. Van H. Manning* for appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

Saunders, the appellee in this case, recovered against the United States in the Court of Claims a judgment for $1627.00, from which the United States appealed. The recovery was for the salary of the claimant as clerk of the Committee on Commerce of the House of Representatives, from the 14th day of March, 1885, to the 7th day of January, 1886, at the rate of $2000.00 per annum.

Mr. Saunders held this place from the 1st day of July, 1884, when he was appointed, up to the 7th day of January, 1886, when his successor was appointed. He was paid the compensation up to the 14th of March, 1385, and for the time between that and the 7th of January, 1886, the Comptroller refused to pay him. The various appropriation acts, including the one which would cover the period now in question, had all made appropriations for compensation for the clerk of the Committee on Commerce. The ground upon which payment is resisted by the United States is, that the claimant was, on the 14th day of March, 1885, appointed a clerk in the office of the President of the United States, since which time he has continued to perform the duties of that office and receive its salary. The Comptroller, in his decision refusing to allow the claim, places his objection upon § 1765 Rev. Stat., and upon the opinion of Attorney General Black, in regard to extra pay and double compensation, delivered in 1857. 9 Opinions Att'y Gen. 123. Section 1765 is found in immediate connection with

several other sections on the same subject, of which the two immediately preceding may be considered to some extent *in pari materia*.    They are as follows:

"Sec. 1763.    No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.

"Sec. 1764.    No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other Department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.

"Sec. 1765.    No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

Some stress is laid in the letter of the Comptroller on the proposition that the clerkship to the committee is not an office in contemplation of the Constitution of the United States and the law, and the decision in *United States* v. *Germaine*, 99 U. S. 508, is relied upon in support of that proposition.    We do not think it important to decide in this case whether such a clerkship is an office within the meaning of these sections of the law and the Constitution, because §§ 1764 and 1765 both include in their prohibition officers, clerks, and other persons. The proposition of the Comptroller that the clerk is not an officer is made to meet his concession that a person who holds two distinct compatible offices may lawfully receive the salary of each.

The general question here raised has been much discussed in the opinions of the Attorneys General, and in the decisions of

this court.   This § 1765, mainly relied upon by the government, is taken from two statutes, the first passed March 3, 1839, 5 Stat. 339, 349, and the second, August 23, 1842, 5 Stat. 508, 510.   This opinion of Attorney General Black seems to be in conflict with the principles laid down by his predecessors, and is materially modified, if not overruled, on the point mainly in question here, by his opinion in the case of J. P. Brown, on page 507 of the same volume.   In *Hiero's Case,* 5 Opinions Attys. Gen. 765, Attorney General Crittenden held that these two acts of 1839 and 1842 " were intended to fence against arbitrary extra allowances in each particular case, but do not apply to distinct employments, with salaries or compensation affixed to each by law or by regulation."

The case before us comes within the terms of this language, which is further confirmed by the fact that he regarded the act of 1850 as prohibiting a person " from receiving the salary of an office which he does not hold, and not against his receiving the salaries of two offices which he does legitimately hold; " and we do not see that there is any distinction between emoluments received for two distinct employments, whether offices or not, the salaries of which are distinct, and the services rendered distinct, both appointments being held by the same person, as in this case.   We are of opinion that, taking these sections all together, the purpose of this legislation was to prevent a person holding an office or appointment, for which the law provides a definite compensation by way of salary or otherwise, which is intended to cover all the services which, as such officer, he may be called upon to render, from receiving extra compensation, additional allowances, or pay for other services which may be required of him either by act of Congress or by order of the head of his Department, or in any other mode, added to or connected with the regular duties of the place which he holds; but that they have no application to the case of two distinct offices, places, or employments, each of which has its own duties and its own compensation, which offices may both be held by one person at the same time.   In the latter case, he is in the eye of the law two officers, or holds two places or appointments, the functions of which are sepa-

rate and distinct, and, according to all the decisions, he is in such case entitled to recover the two compensations. In the former case, he performs the added duties under his appoint ment to a single place, and the statute has provided that he shall receive no additional compensation for that class of duties unless it is so provided by special legislation. The case of *United States* v. *Brindle*, 110 U. S. 688, in which an Indian agent received large additional compensation for services connected with the sale of lands belonging to the Indians of his agency, which was affirmed in this court, was upon the ground that these additional services were performed for the benefit of the Indians, and the statute implied the payment of a reasonable compensation for such services. See also *Converse* v. *The United States*, 21 How. 463.

These views require the affirmance of the judgment of the Court of Claims; and it is so ordered.

*Affirmed.*