Richardson, Ch. J.,
delivered the opinion of the court:
This action is brought to recover the sum of $785 for services during five months and seven days in disbursing an appropriation for defraying the expenses of a commission to select a suitable site “ for a dry dock at some point on the shores of the Gulf of Mexico or the waters connected therewith,” authorized by the naval-service appropriation act of June 30, 1890, Ch. 640 (26 Stat. L., 196).
“And the President be, and he hereby is, required to appoint a commission composed of two competent naval officers, one *525 competent army officer, and two competent persons from civil life, whose duty it shall be to select a suitable site, having' due regard to commercial and naval interests, for a dry dock at some point on the shores of the Gulf of Mexico or the waters connected therewith; and having selected such site shall, if upon private lands, estimate its value and ascertain as nearly as practicable the cost for which, it can be purchased or acquired, and of their proceedings and action make full and detailed report to the President; and the President shall transmit such report, with his recommendations, to Congress. That to defray the expenses of such commission the sum of fifteen thousand dollars, or so much thereof as may be necessary, be, and the same is hereby, appropriated.”
The claimant was at the same time deputy Fourth Auditor of the Treasury, receiving the salary attached to that office.
He insists that he held two distinct offices, and is entitled to compensation to both under the decisions in Collins’s Case (15 C. Cls. R., 22) and Saunders’s Case (21 C. Cls. R., 408, affirmed on appeal, 120 U. S., 126).
The facts are these: The commission consisted of two naval officers, one army officer, and two persons from civil life, appointed by the President, and organized in Washington under the supervision of the Secretary of the Navy, who seems to have taken the matter in hand, presumably by direction of the President. The claimant was employed to disburse the appropriation by authority of the following correspondence:
“ Navy Department,
“ Washington, December 1, 1890.
u Sir : If compatible with the views of the honorable the Secretary of the Treasury, and the services of Mr. A. J. Whitaker, deputy Fourth Auditor, can be spared, I have the honor to request that Mr. Whitaker may be detailed for temporary duty under this Department, which would be very glad to secure his services as secretary, as well as special agent under section 3614 of the Bevised Statutes, to the commission appointed to select a site for a dry dock on the shores uf the Gulf of Mexico, or the waters connected therewith.
“ I have the honor to be, sir, very respectfully,
“B. F. Tracy,

“ Secretary of the Wavy.

u The honorable the Secretary oe the Treasury.
“Approved.
“W. Windom,
a Secretary.
“ December 1,1890.”
*526 “Navy Department,

u Washington, December 3,1890.

“ Sir : The Secretary of the Treasury having assigned you to temporary duty under this Department, as will be seen by the accompanying copy of a letter from it to him, dated the 1st inst., with his approval endorsed thereon, you are hereby appointed secretary to the commission designated by the President under the act approved June 30, 1890, to select a suitable site for a dry dock at some point on the shores of the Gulf of Mexico or the waters connected therewith.
“ The president of the commission is Captain F. M. Bunco, U. S. Navy, to whom' you will report on his arrival at Washington about the 5th instant.
“Very respectfully,
“B. F. Tracy,
“ Secretary of the Wavy.
“A. J. Whitaker, Esq.,
“ Deputy Fourth Auditor, Washington, D. CP
“Navy Department,
“ Washington, December 3,1890.
“Sir: In pursuance of authority contained in section 3G14 of the Revised Statutes, you are hereby appointed a special agent of the Navy Department to disburse so much of the appropriation of $15,000, made under the naval appropriation act, approved June 30,1890, as may be placed in your charge and may be actually necessary to defray the expenses of the commission provided for in said act and designated by the President to select a suitable site for a dry dock on the shores of the Gulf of Mexico or the waters connected therewith.
“ Yon will, before entering upon your duties under this appointment, execute and transmit to the Department with your letter of acceptance, a bond, with two or more sureties, in the sum of $2,000. A blank form of the bond required is herewith transmitted.
“ On the approval of your bond, further instructions connected with your duties as special agent will be given you by the Department.
“Your duties, under this appointment, will be additional to those as secretary to the commission under appointment of this date, and with which appointment a copy of the communication asking your assignment to temporary duty under it, with the approval of the Secretary of the Treasury endorsed thereon, is transmitted.
“Very respectfully,
“B. F. Tracy,
“ Secretary of the ÍTa/oy.
“A. J. Whitaker, Esq.,
“ Deputy Fourth Auditor, WashingtonP
*527 “Navy Department,
“ Washington, March 9,1891.
“ Sir : Beferring to your appointment of December 3, 1890, by this Department, in pursuance of authority contained in section 3614 of the Bevised Statutes, as a special agent to disburse so much of the fund appropriated by the naval appropriation act approved June 30,1890, placed in your charge to defray the expenses of the commission provided for in said act and designated by the President to select a suitable site for a dry dock on the shores of the Gulf of Mexico or the waters connected therewith, I have to inform you that compensation for your services while employed as such special agent will be allowed you at the rate of one hundred and fifty dollars per month.
“ Yery respectfully, •
“B. F. Tracy,
“ Secretary of the Navy.
“Mr. A. J. Whitaker,
“ Treasury Department.”
In our opinion the claimant did not hold two distinct offices. The dry dock commission appropriation act makes no mention of a disbursing officer, and the Bevised Statutes provides only as follows:
“ Sec. 3014. Whenever it becomes necessary for the head of any Department or office to employ special agents other than officers of the Army or Navy, who may be charged with the disbursement of public moneys, such agent shall, before entering upon duty, give bond in such form and with such security as the head of the Department or office employing them may approve.”
It was under this section that the claimant was employed, upon a detail from the Secretary of the Treasury, in whose Department he held the office of deputy Fourth Auditor. He never took, under such employment, the oath of office required “ to be taken by any person elected or appointed to any office of honor or profit in the civil, military, or naval service, except the President of the United States.” (Act of May 13, 1884, ch. 46, 1 Supp. Rev. Stat., 2d ed., p. 428.)
In Saunders’s Case the Supreme Court went further than it had gone in any previous decision and held that where a person holds two separate employments, though not technically offices, he is entitled to the compensation of both.
But there appears in the case at bar a defense not involved in either of the cases above cited, which remains to be considered. .
*528 The claimant was employed in the Navy Department by the very terms of his detail and designation, and that his duties were performed “ at the seat of Government ” is clear from his own testimony, wherein he admits that he disbursed nearly all the money in Washington, and what little he disbursed elsewhere was during his annual leave of absence. For this reason he is confronted with the following provisions of the act of August 5, 1882, ch. 389, section 4 (1 Supp. Rev. Stat., 2d ed., 374):
“ Sec. 4. That no civil officer, clerk, draughtsman, copyist, messenger, assistant messenger, mechanic, watchman, laborer, or other employé shall after- the first day of October next be employed in any of the Executive Departments, or subordinate bureaus or offices thereof at the seat of Government, except only at such rates and in such numbers, respectively, as may be specifically appropriated for by Congress for such clerical and other personal services for each fiscal year.
“And no civil officer, clerk, draughtsman, copyist, messenger, assistant messenger, mechanic, watchman, laborer, or other employee shall hereafter be employed at the seat of Government in any Executive Department or subordinate bureau or office thereof or be paid from any appropriation made for contingent expenses, or for any specific or general purpose, unless such employment is authorized and payment therefor specifically provided in the law granting the appropriation, and then only for services actually rendered in connection with and for the purposes of the appropriation from which payment is made, and at the rate of compensation usual and proper for such services.”
We had occasion to consider that act in Plummer’s Case (24 C. Cls. R., 517), wherein judgment was rendered for the defendants. We see no distinction in principle between that case and the present. The employment of claimant was not “ authorized, and payment therefor specifically provided for in the law granting the appropriation,” as required by the act of 1882, and by reason of the prohibition of that act he cannot recover. His claim is for compensation beyond his salary allowed by law, and that is further prohibited by the following statute provisions:
“ Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, unless the same is authorized by law, and the appropriation *529 therefor explicitly states that it is for such additional pay, extra allowance, or compensation. (Revised Statutes.)
“ Seo. 3. That no civil officer of the Government shall hereafter receive any compensation or perquisites, directly or indirectly, from the Treasury or property of the United States, beyond Ms salary or compensation allowed by law.” (Act of 1874, June 20, Ct. 328, 1 Supp. R. S., 2d ed., p. 18.)
The petition is dismissed.