Bichakdson, Ch. J.,
delivered tbe opinion of the court:
The claimant was a cadet engineer in the Navy, and was one of those whom the Secretary of the Navy attempted to dis'charge under the act of August 5, 1882, eh. 391 (22 Stat. L., 285).
This court, in three cases, held that the Secretary misconstrued the act and that in law the engineers were not discharged by his order, but remained in service, notwithstanding’ the same. (Leopold’s Case, 18 C. Cls. R., 546; Redgrave’s Case, 20 C. Cls. R., 226, and Perkins' Case, 20 C. Cls. R., 438.) These decisions were affirmed in Redgrave and Perkins' cases (116 U. S., 475, 483).
Subsequently the Secretary of the Navy, acting upon an ■ opinion of the Attorney-General, issued an order March 10, 1886, restoring to the Navy Begister all the cadet engineers so ordered to be discharged, including the present claimant, and therein directed that they “be regarded as now on waiting orders, and as having been, respectively, on waiting orders since the date when they were notified that they were discharged from the service.”
From September 30,1884, to March 10,1886, the. claimant was performing no services as engineer.
October 1,1884, the Secretary' of the Navy appointed him “a draftsman in the Hydrographic Office, at a salary of $1,400 per annum.”
October 2,1884, he was detached from the Hydrographic Office and ordered to “ duty on board the U. S. steamer Banger by the 11th instant,” where he continued to serve as a draftsman until he was restored to duty as an engineer under the Secretary’s order of March 10, 1886.
• The only question of law arising upon the findings is, whether or not the claimant is entitled to the salary of a draftsman in addition to that of an engineer.
He claims both, on the authority of Collins' Case (15 C. Cls. R., 22), Saunders’ Case (120 U. S., 126), and several others. That would be correct if lie held two distinct compatible offices.
Th e latest exposition of the law on th e subj ect by the Supreme Court is found in the case of Badeau (130 U. S., 439). He (Badea u) was an officer of the Army on the retired list, and *40 tbe only duty to wbicb' be could be assigned was at tbe Soldiers ’Home. From all other military duty be was by law exempt. (E. S., sec. 1259.) He bad never been assigned to duty at tbe Soldiers’ Home, so that be bad notbing to do as an Army officer. Having been appointed a consul-general and having served in that capacity be claimed tbe salaries of both offices.
Tbe Supreme Court, while adhering to its previous decisions that a person bolding two distinct compatible offices could have tbe salary of both, held further that tbe two offices held by Badeau were incompatible and that be was entitled only to tbe salary of one.
If tbe office of consul-general be incompatible with that of a retired officer in tbe Army who lias nothing to do, certainly those of an engineer in tbe Navy and a draftsman in tbe Hy-drographic Office are equally or more so.
We treat tbe claimant, in accordance with tbe decisions of tbe Supreme Court, as ’never out of tbe Navy after bis entry therein, and while serving as draftsman we regard him as an engineer on waiting orders, as be was ordered to be so regarded by tbe Secretary of tbe Navy. During that time be held two offices under the same Secretary whose orders be was bound to obey.
Tbe Hydrographic Office is attached to tbe Bureau of Navigation in tbe Navy Department (R. S., sec. 431). Its officers are subject to tbe orders of tbe Secretary of tbe Navy. If an engineer has peculiar qualifications for duty in tbe Hydro-graphic Office there is no reason why tbe Secretary may not detail him to that service, as be frequently details officers to duty at tbe Navy Department. It would be inconsistent for tbe Secretary to appoint an officer under him to another office in bis Department with a view of giving him two salaries, when’be could not perform tbe duties of both offices at tbe same time, and especially so when be could obtain tbe services of such officer by detail wherever most useful.
It is clear that an engineer in tbe Navy could not be performing his duties as such and at tbe same time perform tbe duties of draftsman in the Hydrographic Office. Tbe case differs from that of Collins (15 C. Cls. R., 22) in this, that while Collins was clerk in tbe War Department he was out of tbe army in fact and in law, having been honorably discharged *41 under tbe provisions of an act of Congress, and be was not subject to tbe orders of tbe Secretary of War. It would bave been accurate if tbe opinion bad set out that view of tbe case.
• Adopting tbe just and proper rule of tbe accounting officers to pay one wbo bolds two offices tbe salary of that wbicb is larger, it follows that tbe claimant is entitled to recover tbe salary of engineer less tbe amount paid to bim as a clerk in tbe Hydrographic Office of tbe Navy Department, that is tbe sum of $1,932.19; for wbicb be will bave judgment in bis favor.