## UNITED STATES *v.* McCANDLESS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 900. Submitted January 9, 1893. — Decided March 6, 1893.

There is no legal objection to the same person holding the offices of clerk and of commissioner of a Circuit Court, and the person so holding them is entitled to the fees and emoluments of both.

The court disallows the following charges by a clerk of a District Court:

(1) Docket fees where the grand jury returned "not true bill;"

(2) Docket fees where the case is not finally disposed of;

(3) A charge for miscellaneous fees, entering orders of court, making copies, certificates, and seals, as being too general;

(4) A charge for issuing commitments to jail in addition to copy of order of removal, as being too indefinite;

(5) An item for entering orders of court, approving accounts of officers, and copies of certificates and seals.

THIS was a petition by the clerk of the District Court for the Western District of Pennsylvania for payment of certain fees which had been disallowed in the settlement of his

accounts by the officers of the Treasury. Petitioner averred the approval of his accounts by the court, and that his whole compensation, if said fees were paid, would not exceed the maximum compensation of $3500. The court directed a judgment to be entered in his favor for $171.15, and the United States appealed.

*Mr. Felix Brannigan* and *Mr. Solicitor General* for appellants.

*Mr. Charles C. Lancaster* for appellee.

Mr. Justice Brown delivered the opinion of the court.

Objection was made to the following items, which will be considered in their order:

1. Sixteen days' attendance on court when in session, at $5 per day, not allowed because same days were charged and allowed in his accounts as a commissioner of the Circuit Court "for hearing and deciding on criminal charges." In the case of Erwin, just decided, (*ante*, 685,) we held that a district attorney was entitled to his per-diem for services before a commissioner, notwithstanding he was allowed a per-diem for his attendance upon the court on the same day. The reasons for double allowance in this case are much stronger than in the case of Erwin, since the commissioner acted in a double capacity, first, as clerk of the court, and second, as a commissioner of the Circuit Court. There is no incompatibility between these offices, and as Congress has never legislated against their being held by the same person, the practice has obtained in most of the districts of appointing the clerk a commissioner. It was held by this court in the case of *United States* v. *Saunders*, 120 U. S. 126, that sections 1763, 1764, and 1765 had no application to the case of two distinct offices, places, or employments, each with its own compensation and duties, held by one person at the same time. We think that, within the rule laid down in that case, there is no legal objection to the same person holding the

offices of clerk and commissioner; and that the person so holding them is entitled to the fees and emoluments of both.

2. Docket fees in cases where the grand jury returned "not true bill." This item is disallowed upon the authority of *United States* v. *Payne*, just decided. *Ante*, 687.

3. Docket fees in cases where trial was had, verdict and sentence, or jury failed to agree and case was continued. We think that a docket fee is not taxable until the case is finally disposed of. In the three clauses of § 828, allowing docket fees, the words "taxing costs and all other services" are used, indicating that it is not to be allowed until the costs are taxed and the case is finally disposed of. It does not appear in this item that the cases in which the jury disagreed had reached that point where costs are taxed, or where the cause had been terminated. This item must, therefore, be reduced by rejecting cases in which the jury disagreed.

4. Miscellaneous fees, entering orders of court, making copies, certificates and seals. This item was properly objected to as too general. While the clerk is undoubtedly entitled to his fees for entering orders of court, he is not entitled to fees for making copies, certificates and seals, unless such copies, certificates and seals are required by law or the practice of the department.

5. The sixth item is for issuing commitments to jail in addition to copy of order of removal. This item is also objectionable on account of its indefiniteness. By Revised Statutes, § 1030, " no writ is necessary to bring into court any prisoner or person in custody, or for remanding him from the court into custody; but the same shall be done on the order of the court or district attorney, for which no fees shall be charged by the clerk or marshal." Before this item can be allowed, we think it should be made to appear that the commitments were issued in cases not falling within the above section, and hence that they were a proper charge under the circumstance of each particular case. It is entirely possible that the clerk may be entitled to the fees charged; at the same time we think he should make it appear in the

rendition of his accounts that the commitment was made in a case where it was necessary.

6. An item for entering orders of court approving accounts of officers, and copies of certificates and seals, is controlled by the opinion of this court in the case of *United States* v. *Van Duzee,* 140 U. S. 169, 171, ¶ 3; *United States* v. *Jones, ante,* 672; *United States* v. *King, ante,* 676.

The judgment of the court below is, therefore,

*Reversed, and the case is remanded for further proceedings in conformity with this opinion.*