UNITED STATES v. HARSHA, (three cases.)

(Circuit Court of Appeals, Sixth Circuit. June 15, 1893.)

Nos. 90, 91, 117.

1. FEDERAL COURTS — CIRCUIT COURT AND CIRCUIT COURT OF APPEALS—SAME PERSON MAY BE CLERK OF BOTH.

The clerk of a circuit court does not vacate his office, within the meaning of Act June 20, 1874, § 2, (18 Stat. 109,) by merely accepting the position of clerk of the circuit court of appeals for the same circuit.

**2. SAME—CIRCUIT COURT CLERK—POWERS OF TREASURY DEPARTMENT.**

The question of a person's right to the office of clerk of a circuit court, and to the compensation belonging thereto, cannot be determined by the auditing of his account in the treasury department.

**3. OFFICERS — CLERK OF UNITED STATES COURTS — SAME PERSON RECEIVING TWO SALARIES.**

Rev. St. § 1763, does not prohibit a person receiving $3,000 per annum as clerk of a circuit court of appeals from receiving further compensation as clerk of a circuit court, when he lawfully holds both offices. Converse v. U. S., 21 How. 463; U. S. v. Saunders, 7 Sup. Ct. Rep. 467, 120 U. S. 126; U. S. v. McCandless, 13 Sup. Ct. Rep. 465, 147 U. S. 692, followed.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

Petitions by Walter S. Harsha to recover from the United States certain sums alleged to be due to him as clerk of a circuit court. The petitioner was adjudged entitled to recover. The United States bring error. Affirmed.

Statement by SEVERENS, District Judge:

These are three cases under the same title. They have been submitted together, and the questions involved are identical in all of them. They were severally instituted by petition in the court below by the defendant in error, who is the clerk of the circuit court of the United States for the eastern district of Michigan, for the recovery of a certain amount alleged to be due to him for services as such clerk, rendered during the last half of the year 1891, to the amount of $781.25, as claimed in the first petition; for like services rendered during the first half 1892, to the amount of $837.50, as claimed in the second petition; and for the like services during the third quarter of 1892, to the amount of $415.90, being the sum for which the third petition was filed.

Accounts for these several amounts, showing the nature of the services, were duly presented and proved, and were allowed by the circuit court, but were disallowed by the first comptroller of the treasury upon grounds hereinafter stated. Upon the instituting of the proceedings in the court below, the district attorney of the United States appeared and answered, setting forth the same objections. The court below found the facts to be that the petitioner was the duly-appointed clerk of that court, and was the incumbent of the office during the whole period covered by the accounts; that he rendered the services specified; and that the fees charged therefor were lawful. The court also found that, as alleged in the answer of the United States, the petitioner was in June, 1891, appointed to the office of clerk of this court, the principal office of which is located in Cincinnati, Ohio; that he assumed the duties of that office, and has since that date executed those duties, and has received the salary prescribed by law therefor. Upon these facts the conclusion was that the petitioner was entitled to recover the amounts claimed.

Theodore F. Shepard, U. S. Dist. Atty.

Walter S. Harsha, in pro. per.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, (after stating the facts.) The objections urged against the petitioner's right of recovery are two:

First, it is said that, by the acceptance of the office of clerk of the circuit court of appeals, he vacated the office of clerk of the circuit court. Reference is made to section 2 of the act of June 20, 1874, which provides that the clerk of the circuit court shall per-

manently reside in the district where his duties are to be performed, and shall give his personal attention thereto, and that, if he shall fail in complying with these requirements, his office shall be deemed vacant; and it is insisted that by his assumption of the duties of the clerkship of the court of appeals, which must require his attention out of the district, the petitioner ceased to be clerk of the circuit court.

But there is no such incompatibility in the duties of the two offices as makes it legally impossible that one person could execute them, and that without any violation of the requirements of the statute referred to. The circuit court of appeals conceived there was no practical inconsistency, or conflict of duty, when it appointed its clerk. There is no such requirement in the act creating the circuit courts of appeals, and it cannot be doubted that the residence of the clerk within the circuit would be quite sufficient to satisfy any possible implication in that regard. We are referred to no statute which prevents the holding of the two offices by the same person, and, in the absence of such statute, we know of no rule of law which forbids it. In fact, it is well known that the holding of more than one office by the same person is a common thing, in almost all branches of the public service. Besides all this, it cannot be admitted that the question of the right to this office can thus be determined by the comptroller of the treasury. The clerk is the actual incumbent, and it would be strange, indeed, if his right could be determined, as upon a quo warranto, on the auditing of his account in the treasury department. The consequences to the court and its suitors, if the clerk's status could be thus decided, would be very serious.

But, secondly, it is further urged that because of the provisions of section 1763, Rev. St., that "no person who holds an office, the salary or annual compensation attached to which amounts to the sum of $2,500, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law," the petitioner's assumption of the office of clerk of the circuit court of appeals, and his reception of the salary of $3,000 attached thereto, prevented his lawful right to receive compensation as circuit clerk.

The true construction of this section of the statutes has been repeatedly declared by the supreme court, and it has been held to apply only to the case of an officer who, having a salaried office, is charged with duties not originally within the scope of that office, but which may, in some lawful mode, be added to, or connected with, the regular duties of the place he holds, and not to the case of one who lawfully holds two offices. Converse v. U. S., 21 How. 463; U. S. v. Saunders, 120 U. S. 126, 7 Sup. Ct. Rep. 467; U. S. v. McCandless, 147 U. S. 692, 13 Sup. Ct. Rep. 465.

The question as to what this statute means is therefore no longer an open one, and we are relieved from any discussion of it.

We think there is no error in the records, and that the judgments in the three cases should be affirmed.