(Hamilton County Common Pleas.)

THE STATE OF OHIO ex rel. BENJAMIN W. HARRISON v. EUGENE L. LEWIS, Auditor of Hamilton County, Ohio.

---

(1). The provision of section 20 of article 2 of the constitution of Ohio, that the salary of a county official can not be increased during his term of office, applies only to compensation for duties germain to his office or incidental or collateral thereto, and does not apply to services rendered in an independent employment to which he was appointed by an act of the state legislature.

(2). The provision of 94 O. L., 393, "that no act heretofore passed at this session of the general assembly regulating the salaries and compensation of county officers in any county of the state, shall be construed to affect or change in any manner the salary or compensation of any county officer elected prior to the passage of such act" applies only to the elective officers named in the numerous acts, elected prior to this act which abolished the fee system in certain counties, and to the salaries of county officers in their respective offices, and does not apply to additional, independent offices imposed upon them by the legislature, and especially to a county surveyor whose only compensation is derived from fees for which he does not have to account, and who is required by law to perform the duties of a member of the county board of equalization.

---

SPIEGEL, J.

The relator in this case says that he is the surveyor of Hamilton county; that under the law he was a member of the county board of equalization of the real property within the county of Hamilton for the year 1900; that he was employed in said work sixty-seven days, and that therefore he was entitled to payment in the sum of $335, which sum was allowed to him by the said county board of equalization, and said act certified to the county auditor; that. the said auditor, although a sufficient amount of money has been appropriated and set apart by the county commissioners and board of control by proper semi-annual resolution for the payment of the salaries of the members of the county board of equalization, and said amount is now in the county treasury, refused and still refuses to pay the relator's salary, wherefore this suit in mandamus is brought, to which a demurrer has been filed by the county solicitor.

Section 2813 of the Revised Statutes, as amended by the Royer Law (94 O. L., 336), provides that the auditor, surveyor and commissioners of the county shall compose the decennial county board of equalization of the real property of the county, but makes no provision for a salary. This act was passed on April 16, 1900. On the same day was passed the Hendley Law (94 O. L., 246), not changing the personnel of the board of equalization, but providing a compensation for each member of $5 per day for each day so necessarily employed. This latter law was signed and enrolled after the first bill.

In the case of State ex rel. Guilbert, Auditor, v. Halliday, Auditor (44 W. L. B., 202), our supreme court, in construing these two statutes, holds that "in so far as these two enactments are irreconcilable, effect must be given to the one which is the later law." This gives expression to the well-known rule of law that repeals by implication are not favored, and that an implied repeal results only from a later enactment when its terms and necessary operation cannot be harmonized with the terms. and necessary effect of the earlier law. That this is not the case in the present instance is apparent at first blush. The later law amends the original, providing for the appointment of officers, which was passed the same day, by adding a supplemetal section thereto, fixing, among other things, the compensation of such officers. Now, in the language of the supreme court, in so far as these acts are irreconcilable, the one signed last must prevail; but to those

parts which do not antagonize each other, but are merely supplemental, effect must be given to the will of the legislature, which gives these officers a compensation for their services. It is contended, however, by counsel for the auditor, that—

1st. The surveyor is a county official, and therefore in accordance with section 20 of article 2 of the constitution of the state, his salary can not be increased during his term of office; and

2d. That should this constitutional provision not apply, a law passed by the late general assembly (94 O. L., 396), providing "that no act heretofore passed at this session of the general assembly, regulating the salaries and compensation of county officers, in any county of the state, shall be construed to affect or change in any manner the salary or compensation of any county officer elected prior to the passage of such act or acts," invalidates the only salary clause of the Hendley Law.

The county surveyor is elected in accordance with sections 1163 to 1201 of the Revised Statutes, and no fixed salary is attached to his office, but his compensation is by fees, paid by parties seeking his services; nor is he subject to the provisions of the Hamilton county fee law, but retains all fees paid him for services rendered. It is contended that the constitutional provision quoted above, which allows no change during his term of office in the salary of any officer does not apply to the relator, in accordance with the decision of our supreme court in Gobrecht v. Cincinnati (51 Ohio St., 68), which holds that a per diem compensation of a councilman is not salary, and may be increased during the latter's official term; that therefore fees paid for each service rendered could not be salary, and hence the constitutional inhibition would not apply to the relator. But this is begging the question. It must be apparent that the fees of the county surveyor for services rendered as such surveyor have neither been increased nor decreased. A compensation has been fixed by law for his services as a member of the county board of equalization. There is no doubt that an officer who receives a stated salary can not recover further compensation for extra duties imposed upon him by the legislature germain to his office, or even for incidental or collateral services which properly belong to or form a part of his main office. But this rule has its limit. As Judge Potts (24 N. J. L. R., 768) says: ' It does not follow from the principles laid down that a public officer is bound to perform all manner of public service without compensation, because his office has a salary annexed to it, nor is he, in consequence of holding an office, rendered legally incompe-

[COPYRIGHT, 1901, BY CARL G. JAHN.]

tent to the discharge of duties which are clearly extra-official, outside the scope of his official duty. '

And this is further exemplified by the opinion of Mr. Justice Miller, delivered in United States v. Saunders (120 U. S., 127), wherein he holds that a clerk in the office of the president of the United States, who is also appointed to be the clerk of a committee of congress, and who performs the duties of both positions, is entitled to receive the compensation appropriated and allowed by law for each, notwithstanding sections 1763, 1764 and 1765 of the Federal Statutes providing that no person who holds an office, the salary or annual compensation attached to which amounts to the sum of $2,500, shall receive compensation for discharging the duties on any other office, unless expressly authorized by law; nor shall any allowance or compensation be made to an officer or clerk by reason of the discharge of duties which belong to any other officer or clerk, in the same or any other department. Justice Miller says:

"We are of opinion that taking these sections altogether, that the purpose of this legislation was to prevent a person holding an office or appointment, for which the law provides a definite compensation, by way of salary or otherwise, which is intended to cover all the services, which, as such officer, he may be called upon to render, from receiving extra compensation, additional allowances, or pay for other services, which may be required of him, either by act of congress, or by the order of the head of his department, or in any other mode, added to or connected with the regular duties of the place which he holds; but that they have no application to the case of two distinct offices, places or employments, each of which has its own duties and its own compensation, which offices may be both held by one person at the same time. In the latter case he is, in the eye of the law, two officers, or holds two places or appointments, the functions of which are separate and distinct, and, according to all the decisions, he is in such case entitled to recover the two compensations. In the former case he performs the added duties under his appointment to a single place; and the statute has provided that he shall receive no additional compensation for that class of duties unless it is so provided by special legislation."

The rule, therefore, may be stated as follows: "When a public officer is employed to render services in an independent employment not germain or incidental to his official duties, to which the law has annexed compensation, he may receive for such services additional compensation."

I come now to the last question raised

by the county solicitors, in the event that my finding should be in favor of the relator upon the other issues raised, namely, that of the act passed by the last general assembly, providing that no act heretofore passed at this session of the general assembly, regulating the salaries and compensation of county officers in any county of the state, shall be construed to affect or change in any manner the salary or compensation of any county officer elected prior to the passage of such act or acts.

It must be plain from what I have said heretofore that a broad distinction prevails between the salary or compensation of a county officer in the discharge of the office for which he was elected, and in the salary or compensation of an independent office, to which he has thereafter been appointed by the general assembly, not germain to his elective office, but entirely independent therefrom. The last general assembly passed numerous laws changing the compensation of county officials in the following counties from fees to stated annual salaries, to-wit: Athens, Belmont, Clermont, Crawford, Fayette, Fulton, Highland, Lawrence. Marion, Meigs, Morrow, Muskingum, Ottawa and Putnam.

The act quoted above provides that no salary or compensation "of any county officer elected prior to the passage of acts regulating salaries or compensation of county officers in any county of the state, shall be affected thereby." The members of the county board of equalization are not elected, but by the act of the general assembly ever since 1880, and farther back, said board consisted of the auditor, surveyor and commissioners. Construing all these statutes in pari materia, the law cited can only apply to elective county officers named in the numerous acts, namely, probate judge, clerk of courts, auditor, treasurer, sheriff, recorder, prosecuting attorney and commissioners elected prior to the passage of the act, an act which abolished the fee system in said counties, and provided the application of the salary system to the successors of such officers now holding office in the counties named. And when in addition to this we further see that the act does only refer to salaries or compensation of county officers in their respective county offices, and not to additional, independent offices imposed upon them by the legislature, we can come to but one conclusion, namely, that the act does not affect the relator in his demand for the salary earned as a member of the county board of equalization.

As the demurrer admits all these acts, the prayer of the relator that a peremptory writ of mandamus issue to the county auditor, commanding him to draw his warrant on the county treasurer for $335, and deliver the same to him, must be granted.

Frank F. Dinsmore, for the relator.
Wilson, Cosgrave & Jones, contra.