Peelle. J.,
delivered the opinion of the court:
The question in this cases arises on the claimant’s motion as follows.
*472 “Now comes the claimant and moves the court to instruct the auditor in this case as follows:
“That the claimant, as the fleet captain of the United States naval force on the North Atlantic Station on the date of the above-entitled engagement, is entitled to share in the bounty awarded heroin, to wit, the sum of one hundred and sixty-six thousand, seven hundred dollars (§166,700), as follows:
“ One-hundredth part of the said sum, or sixteen hundred sixty-seven dollars ($1,667), and in addition thereto his share as the captain of the U. S. E. S. New York, of which he was commander during the said engagement, viz, one-tenth (1/10) ?art of the share of the said bounty to which the said New ork is entitled.”
The claimant bases his right to share as fleet captain and as commander of the U. S. F. S. New York on paragraphs 3 and 4 of Revised Statutes, section 4631, which read as follows:
“Third. To the fleet captain, one-hundredth part of all prize money awarded to any vessel or vessels of the fleet or squadron in which he is serving, except in a case where the capture is made by the' vessel on board of which he is serving at the time of such capture; and in such case he shall share, in proportion to his pay, with the other officers and men on board such vessel.
“Fourth. To the commander of a single vessel, one-tenth part of all the prize money awarded to the Amssel under his command, if such vessel at the time of the capture was under the command of the commanding officer of a fleet or squadron, or a division, and three-twentieths if his vessel was acting independently of such superior officer.”
Revised Statutes, section 4635, under which the court has heretofore decreed the amount of bounty due from the United States for the destruction of the Spanish vessels of war in the engagement off Santiago J uly 3, 1898, also provides that the sum so decreed shall “ be divide4 among the officers and crew in the same manner as prize money,” and Revised Statutes, section 4642, makes the same provisions as to distribution.
Therefore, whatever amount the claimant may be entitled to will have to be apportioned under the paragraphs of section 4631 above recited.
That the claimant well and faithfully discharged the duties of both positions without conflict there is no controversy, nor is there any contention that the two offices are incompatible. On the contrary, each has it own duties and compensation *473 defined by statute and naval regulations having the force of law. (United States v. Saunders, 120 U. S. R., 126, 129; Regulations for government of the Navy, 1896, section 327, et. seq.)
The destruction of the Spanish vessels in that engagement was not the act of any single vessel, but was the act of the fleet, and, therefore, the exception stated .in paragraph 3, section 1631, has no application, nor has the latter clause of paragraph 1, as no vessel acted independently of the commander in chief.
The claimant makes no claim to share under the fifth paragraph of section 4631 in the residue after the apportionment of the specific amounts, but concedes that if he is allowed as commander of the New York that that takes him out of the fifth paragraph, and this, we think, is correct.
The only question, therefore, is, Shall the claimant be allowed to share in the bounty awarded, both as fleet captain and as the commander of the New York?
It was urged in the argument on behalf of others entitled to share in the bounty that the claimant should only be allowed to share as commander of the New York; that to allow him in addition thereto to share as fleet captain would be inequitable to other claimants, but the same result would follow had some other officer, not the commander of the vessel, been detailed as fleet captain.
However, equity follows the law, and the claimant bases his right to share in both capacities on the language of the statute quoted. That language is clear and unambiguous and there- ■ fore needs no interpretation.
The claimant, as commander of the New York, is entitled to one-tenth of whatever bount}'' may be awarded to that vessel, and as fleet captain he is entitled to one-hundredth part of the total bountjT decreed for the destruction of the Spanish vessels in the engagement, to wit, §1,667. The claimant’s motion is therefore sustained and the auditor of the court is instructed to be governed accordingly in his report of the distribution of the bounty so decreed.
Nott, Ch. J., was not present when this case was argued ,and took no part in the decision.