BaRney, J.,
delivered the opinion of the-court:
It appears without contradiction in this case that the claimant was an inspector of electric light plants employed in the Treasury Department, receiving a salary of $2,000 per annum, and was such employee at the times hereinafter mentioned.
The sundry civil appropriation act for the fiscal year ending June 30, 1902, provided for the installation of an electric light plant for the Department of the Interior buildings, and for improvement in the heating of the Patent Office building, in the following language:
“ For the establishment of -an electric lighting plant for buildings occupied by offices of Department of the Interior, the Patent Office building, the old Post-Office building, now occupied by the General Land and Indian bureaus, and the Pension Office building, and for improvement in the heating of the Patent Office building, including necessary conduits, the laying and construction of which are hereby authorized, the sum of seventy-four thousand dollars.” (31 Stat. L., 1156.)
There being no person then employed in the Interior Department competent for that purpose, certain correspondence took.place between the Secretary of the Interior and the Sec *366 retary of the Treasury as to the authorization of some person connected with the Treasury Department to prepare detailed plans and specifications for such lighting and heating plant, and for other services in connection with said work, all of which appears in the findings herein.
Thereupon the claimant was directed by the Secretary of the Treasury to render this required assistance; and although the language of these' directions is somewhat indefinite as to just what he was required to do, it appears that he did the principal part of the work in preparing these plans and specifications, and also rendered valuable assistance thereafter in the supervision and inspection of said work.
It appears that he Avas thus employed about eight hundred and ninety-seven hours, and that this work was all done outside of his regular office hours, and some of it during the time which he could haA^e taken for his vacation; also that during all this time he attended regularly and acceptably to his duties as such official in the Treasury Department.
It must be admitted that these facts present a strong equitable case in faAmr of the claimant, and AAre should be in favor of making a reasonable allowance for him were it not for the fact that in our opinion the laAv forbids us so to do. It might be well to say here that in its general application Ave believe this law to be Avise and beneficent.
The following provisions of the Revised Statutes prohibit additional and double compensation to Government employees :
“ Seo. 1763. No person who holds an office, the salary or annual compensation attached -to Avhich amounts .to the sum of tAvo thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.
“ Sec. 1764. No allowance or compensation shall be made to any officer or clerk by reason of the discharge of duties which belong to any other officer or clerk in the same or any other Department; and no alloAvance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.
“ Seo. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are *367 fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
These statutes, upon first inspection, would appear so plain in their provisions and in their application as hardly to admit of contention as to their proper construction. They have, however, been reviewed both by this court and the Supreme Court in several well-considered cases. For that reason it would hardly serve a useful purpose to review them in this case or to do little more than merely to refer to them. (Hoyt v. United States, 10 How., 109; Converse v. United States, 21 How., 463; Hall v. United States, 91 U. S., 559; United States v. Saunders, 120 U. S., 126; United States v. King, 147 U. S., 676.)
The rule governing these cases would appear to be but little more than a mere paraphrase of the statutes, but that is well done in the case of Hall v. United States (supra), and is as follows :
“ Nor can any compensation for extra services be allowed * * * unless it appear that the head of the Department was authorized by an act of Congress to appoint an agent to perform the extra service; that the compensation to be paid for the service was fixed by law; that the service to be performed had respect to matters wholly outside of the duties appertaining to the oifice held by the agent, and that the money to pay for the extra services had been- appropriated by Congress.”
It has been held in several cases that these statutes are not •applicable to those cases where two distinct offices, places, or employments, each of which has its own duties and its own compensation, are both held by one person at the .same time. (United States v. Saunders, 120 U. S., 126, and cases cited.)
In the present case, conceding that the rendition of the services was authorized by law, certainly there was no “ appropriation therefor explicitly stating that it was for such additional pay, extra allowance, or compensation.” Nor is it shown that the claimant was directed to perform these *368 services outside of his regular office hours; on the contrary, it appears that each action was entirely voluntary on his part.
Neither can it be contended that the claimant held two distinct offices or places, each of which had its own duties and compensation. On the contrary, the services performed were merely incidental to a work appropriated for in general terms, and without making any explicit provision for their payment.
It is therefore ordered that the petition be dismissed.