MIGUEL MARTORELL, Petitioner and Appellant, *v.* ALFREDO LÓPEZ ET AL., Respondents and Appellees.

No. 5550.  Argued March 12, 1931.—Decided May 22, 1931.[*]

L. *Llorens Torres, Angel Torres,* and *Molina, Dubón & Ochoteco* for petitioner.  R. *Cuevas Zequeira* for respondents.  *James R. Beverley, Attorney General,* and A. *Ortiz Toro, First Assistant Attorney General,* as *amici curiae.*

[*] NOTE.—On appeal to the United States Circuit Court of Appeals for the First Circuit, this decision was reversed.  See 59 F. (2d) 176.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellant was holding the office of justice of the peace of Dorado in this Island under an appointment made by the Governor, with a salary paid by the municipality, recently fixed at $30 per month, when he was elected substitute member of the Board of Review and Equalization with a per diem of $10 per meeting attended by him. Since then he has been filling both offices, but the respondents-appellees, in their capacity as officers of the Municipality of Dorado, have refused to pay him his salary as justice of the peace; and in the mandamus proceeding brought by the appellant to compel the respondents to pay him said salary they allege that they are not bound to pay him any salary inasmuch as the petitioner has accepted the office for which he was elected, drawing per diems, and that this amounts to a waiver of the salary fixed for the office of justice of the peace.

The court below held that there is no incompatibility between the two offices, but refused to issue the writ of mandamus on the ground that the petitioner is not entitled to draw two salaries. This ruling of the lower court is the only ground of the appeal, wherein it is claimed that said ruling is erroneous. Counsel representing The People of Puerto Rico were permitted to appear on this appeal as *amici curiae,* and maintain in their brief that the error assigned by the appellant does not exist.

The lower court, the appellees, and the *amici curiae* contend that the ruling on this question in the case of *Añeses et al.* v. *Executive Council,* 38 P.R.R. 240, was an *obiter dictum* inasmuch as the point to be decided there was a different one, to wit: whether Messrs. Añeses and Banuchi were qualified to serve as members of the Irrigation Commission to which offices they had been elected. It is true that the Executive Council refused to declare said gentlemen elected as such members, but its refusal was based solely on the ground that, as both gentlemen were mayors and were

receiving a salary, they could not draw the per diems fixed as compensation for the irrigation commissioners, and hence that was the only fundamental question in the case, argued by the parties at the hearing of the appeal as well as in their briefs, for which reason a majority of the Court could rightly say that that was the real question at issue there. It was also discussed by the two concurring justices in the opinion delivered by them. Consequently, it can not be said that such ruling was in that case an *obiter dictum,* as stated by the court below.

In *United States* v. *Saunders,* 120 U.S. 126, the Supreme Court of the United States faced the same question that was later decided by this Court in the *Añeses* case, *supra,* which question is identical with the one that gave rise to the present appeal. In the *Saunders* case the said Supreme Court quoted in its opinion, as we did in the *Añeses* case, sections 1763, 1764, and 1765 of the United States Revised Statutes, which read thus:

"Sec. 1763. No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.

"Sec. 1764. No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other Department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.

"Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

And taking these provisions into consideration it held that an officer could receive remuneration for two public offices when the latter were not incompatible, citing *United*

*States* v. *Brindle,* 110 U.S. 688, and *Converse* v. *United States,* 21 How. 463, 62 U.S. 462. A subsequent case, *United States* v. *McCandless,* 147 U.S. 692, was also one of double compensation to a public officer, and it was held therein that as the offices w[e]re not incompatible the incumbent was entitled to both salaries.

In the *Añeses* case, *supra,* there was considered section 34 of our Organic Act, according to which: "Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment, nor permit any officer or employee to draw; compensation for more than one office or position"; and it was held that, notwithstanding this enactment, the authority and reasoning of the *Saunders* case w[e]re applicable.

The appellee and the *amici curiae* also cite, in opposition to the petitioner and to the holding in the *Añeses* case, section 177 of the Political Code, as amended in 1909, which provides that—

"No officer in any branch of the public service under the Insular Government, or any other person whose salary, pay or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, from the Insular Government or any branch thereof in any form whatever for the disbursement of public money or for any other service or duty whatever, unless the same is expressly authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation: *Provided, however,* that nothing herein contained shall be appl[i]cable to physicians and minor surgeons rendering services, in district jails and sanitary and charitable institutions of The People of Porto Rico, who shall be entitled to receive additional compensation for such services in an amount not exceeding as regards physicians, fifty (50) per cent of the main salary which they may be receiving as employees of The People of Porto Rico or of any municipality of the Island."

A mere comparison of section 177 of our Political Code with section 1765 of the Revised Statutes of the United

States, already quoted will suffice to reach the conclusion that both are substantially identical, inasmuch as both provide that "no officer in any branch of the public service, or any other person whose salary is fixed by law, shall receive extraordinary pay or remuneration, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation." Thus, under similar principles and taking into consideration said section 1765, the Supreme Court of the United States decided the *Saunders* case to which we have already referred. The exception contained in the proviso of section 177 as well as the other exception set forth in section 1773 of the Revised Statutes of Puerto Rico relative to the fees of members of the board of medical examiners, of the board of pharmacy, and of the board of dental examiners, do not alter the general rule laid down by section 177.

In support of the doctrine that the acceptance of two incompatible offices operates to vacate the first of the offices so accepted, the appellee cites the *Añeses* case, *supra,* and also *Howard* v. *Harrington,* 114 Maine 443, therein mentioned; but that doctrine is without application here, as the lower court held that the offices filled by the petitioner—justice of the peace and member of the Board of Review and Equalization—are not incompatible; and in fact they are not, since the duties of the one and the other office have no relation which may render them incompatible, inasmuch as the duties of the former involve the administration of justice in petty cases, and those of the latter the determination of claims filed by taxpayers in regard to the assessment and levy of taxes upon their property and income. The appellees argue that the two offices are incompatible because when the incumbent is discharging the duties of one he must be absent from the other, and that the offices obstruct each other.

There is no precise rule as to when incompatibility exists between two offices. Courts have refrained from laying down such rule because of the difficulty of formulating one in general terms, and each case is decided on its own merits. From the stipulation of facts agreed by the parties, which served as the basis for the judgment, it does not appear that the petitioner has failed to discharge his duties as justice of the peace, and the fact that he has to come from Dorado, which is a near-by town, to San Juan in order to fulfill here his duties in the Board of Review and Equalization, which according to the law holds ordinary meetings during the months of January, May, and September, and according to the appellees, twice a week, is not an absence from his former office of such a nature as to render the two offices incompatible.

The judgment appealed from must be reversed and the case remanded to the lower court with directions to enter a new judgment not inconsistent with this opinion, without special imposition of costs.

The Chief Justice and Mr. Justice Hutchison dissented.