## LOPEZ et al. v. MARTORELL.
### No. 2663.

Circuit Court of Appeals, First Circuit.
May 31, 1932.

Fred W. Llewellyn, of Washington, D. C. (William C. Rigby, of Washington, D. C., Charles E. Winter, Atty. Gen., of Puerto Rico, and Blanton Winship, of Washington, D. C., on the brief), for appellants.

Henry G. Molina, of Molina, and Dubon & Ochoteco, of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico vacating a judgment of the District Court of Bayamon and directing the entry of a judgment for the petitioner.

The petitioner, Martorell, applied to the District Court for a writ of mandamus to have the defendants, Lopez, the mayor of Dorado, Rodriguez, the municipal auditor, and Padro, the municipal treasurer, issue the monthly vouchers for the payment of his salary as justice of the peace of Dorado for the fiscal years 1929–30 and 1930–31; that the auditor audit the account; and that the auditor and municipal treasurer issue to him a check signed by them to pay his salary, which they had refused to do.

In the District Court it was agreed that the petitioner from and after February 1, 1927, had been holding and still held the office of justice of the peace of Dorado; that in the municipal budgets of Dorado the salary for the office of a justice of the peace was fixed for the year 1929–30 at $480, and for the year 1930–31 at $360, and that the sums fixed in said budgets as the salary for said office had not been transferred or spent for another municipal purpose; that during the month of November, 1929, and from January 1 to October, 1930, no salary had been paid the petitioner; that the total amount due him was $470, which the authorities of Dorado refused to pay; and that the refusal to pay was based on the fact that the peti-

tioner, subsequent to his appointment as justice of the peace, was elected to the office of substitute member of the Board of Review and Equalization of Puerto Rico; that the election took place in November, 1928; and that, since then, the petitioner had been holding said office, attending to the duties thereof, and receiving regularly from the Insular Treasury of Puerto Rico a per diem of $10 for each meeting day.

In the District Court it was held that there was no incompatibility between the office of a justice of the peace and that of a member of the Board of Review and Equalization preventing the petitioner from holding the two offices; that the general rule, that when a public officer holds two offices that are not incompatible, he may receive the salary affixed to both offices, is not applicable as it is contrary to the plain and specific provisions of paragraph 13 of section 34 of the Organic Act (39 Stat. 962 [48 USCA § 838]), which provides that "no law shall * " * permit any officer or employee to draw compensation for more than one office or position," and dismissed the petition.

In the Supreme Court the ruling of the District Court that there was no incompatibility between the offices was accepted, but in so far as it held that the petitioner was not entitled to draw the two salaries, the offices being compatible, the District Court erred; that the provision of the Organic Act here in question was subject to the same interpretation as was made by the Supreme Court of the United States in United States v. Saunders, 120 U. S. 127, 7 S. Ct. 467, 468, 30 L. Ed. 594, in construing sections 1763, 1764, and 1765 of the Revised Statutes (5 USCA §§ 69, 70, and § 58 note); and that the judgment of the District Court should be reversed and the petitioner be allowed to recover his salary as justice of the peace for Dorado. It is from this judgment that the present appeal is prosecuted.

The single question is whether the petitioner who holds two public offices which are compatible, having received the salary attached to one, is entitled to receive the salary attached to the other, in view of the provisions of paragraph 13 of section 34 of the Organic Act above set out. As the Supreme Court of Puerto Rico based its decision as to the construction of this provision of the Organic Act primarily on the decision in United States v. Saunders, construing sections 1763, 1764, and 1765 of the Revised Statutes, we shall first consider the applicability of that decision to the question here presented.

Those provisions read as follows:

"Sec. 1763. No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.

"Sec. 1764. No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other Department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.

"Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

In the Saunders Case the plaintiff, Saunders, held two offices—one as clerk in the office of the President, and the other as clerk of the Committee on Commerce of the House of Representatives. He had been paid his salary as clerk in the office of the President and sought to recover the salary as clerk of the Committee on Commerce. It was there held that, as the two offices or appointments were distinct but compatible, he was entitled to recover the salary attached to the office which had not been paid him. Justice Miller, in the opinion of the court, said:

"We are of opinion that, taking these sections all together, the purpose of this legislation was to prevent a person holding an office or appointment, for which the law provides a definite compensation by way of salary or otherwise, which is intended to cover all the services which, as such officer, he may be called upon to render, from receiving extra compensation, additional allowances, or pay for other services which may be required of him either by act of congress or by order of the head of his department, or in any other mode, added to or connected with the regular duties of the place which he holds; *but that they have no application* to the case of *two distinct offices,* places, or employments, each of which has its own duties and its own compensation, which offices may both be held

by one person at the same time. In the latter case he is, in the eye of the law two officers, or holds two places or appointments, the functions of which are separate and distinct, and, according to all the decisions, he is in such case entitled to recover the two compensations. *In the former case,* he performs the added duties under his appointment to *a single place,* and the statute has provided that he shall receive no additional compensation for that class of duties, unless it is so provided by special legislation."

In other words, the Supreme Court in that case held that sections 1763, 1764, and 1765 had "no application to the case of two distinct offices, places, or employments, each of which has its own duties and its own compensation, which offices may both be held by one person at the same time"; that they only apply where a person holds "an office or appointment [one office only], for which the law provides a definite compensation by way of salary or otherwise, which is intended to cover all the services which, as such officer, he may be called upon to render." Having reached this conclusion, the plaintiff, holding two compatible offices, was allowed to recover, for there was no federal statute providing that he should receive the salary of but one office.

It is clear that the decision in the Saunders Case is without application here, if the Organic Act supplies what was absent in that case, and the question is whether, under the provisions of paragraph 13 of section 34 of the Organic Act, the plaintiff is entitled to recover the salary of one of the offices, having performed the duties and received the salary attached to the other, the two being compatible. That act, so far as material, reads:

"Except as otherwise provided in this chapter, no law shall * * * permit any officer or employee to draw compensation for more than one office or position."

In other words, the act provides that, if an officer holds more than one office, no law shall permit him to draw compensation for more than one. There was no statute before the Supreme Court in the Saunders Case comparable to this.

It is argued by the petitioner that as the offices were compatible, following the decision in the Saunders Case, the petitioner should recover the salary in question, and the Supreme Court of Puerto Rico was of that opinion. But the Supreme Court of Puerto Rico reached that conclusion because it regarded the application and meaning of paragraph 13 of section 34 of the Organic Act to be the same as the provisions of the Revised Statutes and hence not applicable to the facts of this case. The question, however, is not what the Supreme Court of Puerto Rico thought, but what Congress intended when it enacted this provision of the Organic Act.

In enacting this law containing the prohibition in question, Congress did not specify whether it should apply to a case where a person held two offices that were compatible or where they were incompatible. But in ascertaining its intention we are entitled to take into consideration the situation confronting Congress at the time. At that time both under the common law and the civil law, and without regard to statute, an office holder was not ineligible to appointment or election to another incompatible office, but acceptance of the latter vacated the former. This rule is of great antiquity in the common law and it probably is in the civil law. Howard v. Harrington, 114 Me. 443, 96 A. 769, L. R. A. 1917A, 211; Aneses v. Executive Council, 38 P. R. R. 267. It is reasonable, therefore, to believe that Congress in enacting paragraph 13 of section 34 of the Organic Act was not attempting to legislate with reference to a situation where a person holds two incompatible offices, for it knew well enough that, by the acceptance of the later office, he vacated the former one and thereupon precluded himself from receiving any of the emoluments attached to the office which he had vacated, and, knowing this, that it did not intend a useless thing. The situation to which it intended the act should apply was essentially, if not wholly, where the same person held two compatible offices, for paragraph 13, § 34, of the Organic Act, provides in substance that, if an officer holds more than one office, no law shall permit him to draw compensation for more than one office. If it also had in mind the situation where a person holds two offices that are incompatible, the act is in that respect but the enactment of what was known to be the situation at common law and also under the civil law.

A technical objection to this construction of the Organic Act is suggested; that is, that the act provides that no law shall be enacted allowing a person holding two offices to draw pay for more than one, and that the Legislature of Puerto Rico has enacted no law permitting a person holding more than one office to receive the pay of both. But we do not regard this provision of the Organic Act simply as a restraint on legislation, but a restraint on conduct as well.

The judgment of the Supreme Court of Puerto Rico is reversed, and the judgment of the District Court of Bayamon is affirmed.