Mr. Justice McLEAN
 

 delivered the opiniorrof the court.
 

 ' This case is before us by an appeal from the Circuit'Court of the United States fo'r the district of Maryland.
 

 The Western Telegraph Company, a corporation incorporated, by the States of Maryland, Virginia, and Pennsylvania, have filed their bill against George C. Penniman and John King, citizens of Maryland, and charges them with the viola-, tion of the patented rights Of the Western Telegraph Company,
 
 *461
 
 under a contract made with Morse, Yail, and Sihith, dated the 8th of March, 1840. The above-named persons are alleged to 'be the sole proprietors of the right to construct and use Morse’s electro-magnetic telegraph, by him invented and patented, on the route between Baltimore, in the State of Maryland, and New York and Harrisburg, in the State of Pennsylvania, for and in consideration of thirty dollars per mile, by the route on which the telegraph has been or may be constructed, between the points or places aforesaid.' And- said right, through their agent, Amos Kendall, was conveyed unto John C. Penniman and his assigns, to construct between the points or places aforesaid the said telegraph, with one or more wires, with the apparatus for working the same and the improvements therein. And the said Morse & Co. covenant not to grant to-any other person or persons the right to construct any other line of telegraph under the patent aforesaid, within the aforesaid limits, either in a direct or indirect line.
 

 The contract between Kendall, .as attorney of Morse and Yail, with the Western Telegraph Company, granted to it in due form the privileges of said letters patent for lines of telegraph belonging to it, between Baltimore and Wheeling, with a. branch therefrom to Washington city, and á branch from Brownsville to the city of Pittsburg, &c.; and the right of Francis O. J. Smith, which was also conveyed, was limited to • the Western Telegraph’Company’s existing lines from Baltimore, in the State of Maryland, to Wheeling, in the State of Virginia, and in branches to Washington and Pittsburg cities; the right herein conveyed and so limited by said territorial termini being one-fourth part of said invention and letters .patent, &c.
 

 The complainants pray for an injunction, and that an account may be taken, for a breach of its patent privileges.
 

 The defendants procured an assignment of Morse’s patented electro-telegraph between the cities of Baltimore and Harrisburg, and afterwards a like assignment from him between Baltimore and Wheeling, with the right of a branch to Pittsburg and Washington; and it is alleged that complainants claim the right to telegraphic business on the Morse plan between
 
 *462
 
 those points; not only all that commence and end at these several points,.but all that, starting at remote points, has to reach either of those points by coming through either of the others.
 

 There can be no doubt that the right of transmitting on the lines conveyed to the "Western Telegraph Company are as full and ample as would have been the rights of the patentee, had he never assigned them.
 

 The assignment of Morse’s to a company from Pittsburg to Philadelphia, and- from Washington to Baltimore, Philadelphia, and New York, it is alleged, has enabled the defendants to take messages at Harrisburg from Wheeling, directed to Baltimore and Washington, and other southern' points; and has also, in like manner, taken niessages from the Magnetic Company between Washington and New York at Baltimore, and transit them to Pittsburg, and to points west, through Pittsburg. And this was done, it is said, in conjunction with the said companies, in order to get the business which, but for said combination, would and ought to have come , by the complainants’ line.
 

 The charges against Penniman and King are, substantially, the same combinations as charged against the agents of the Magnetic Company; and we can only say, as was said in the other case, the assignees may claim a protection in all the rights assigned to them; and if, in any respect,.their patent has been infringed, a remedy is open to them. But it does not appear that the defendants were limited as to the use of the lines owned by the Western Telegraph Company, although the. points on their lines were shortest. Each person, in using a telegraph line, is free to select his own conveyance. There are several things, which recommend telegraphic lines. The. niachinery should be kept in proper order; strict attention should be given to the transmission of messages, and compe tent persons engaged in the office. Where there is much competition, great energy is réquired; and if this.be wanting, sue cess rpay riot be expected.-
 

 ' The principal ground of complaint in the bill is, that the business of the Western Telegraph Company has been divert
 
 *463
 
 ed from it, and-thrown upon other lines, greatly to its injury, and it would seem that circuitous. routes, have been' selected, rather than the more direct ones. If this be so, does it afford a ground for relief? There is no obligation on a person-sending a telegraphic message to select the shortest or the longest line. He may consult his own interest or choice in such a matter, and he incurs no responsibility to any one, unless he has entered into a contract to forward all such messages on á particular line. No such allegation is . contained in the bill, and'there is no charge that the Western Telegraph Company has been molested in the exercise of its patented rights, except by the transfer c” its business to other lines; and -it is not alleged that these lines are prohibited from carrying messages-by reason, of their contiguity to. the plaintiffs’ lines.
 

 Judgment affirmed;