RAMÓN AÑESES y RAMÓN BANUCHI, demandantes y apelados, *v.* CONSEJO EJECUTIVO DE PUERTO RICO, compuesto por Su Excelencia el Gobernador de Puerto Rico, HON. HORACE M. TOWNER; HON. GEORGE C. BUTTE, Fiscal General de

268

Puerto Rico; Hon. Juan G. Gallardo, Tesorero de Puerto Rico; Hon. Guillermo Esteves, Comisionado del Interior; Hon. Juan B. Huyke, Comisionado de Educación; Hon. Carlos Chardon, Comisionado de Agricultura y Trabajo; Hon. Pedro N. Ortíz, Comisionado de Sanidad, demandados y apelantes.[1]

No. 4395.—*Visto:* Marzo 6, 1928. *Resuelto:* Mayo 31, 1928.

[1] NOTA: Se presentó moción de reconsideración por varios motivos y principalmente en que hay en la Ley Municipal un precepto que hace incompatible el cargo de Alcalde con cualquier otro empleo, pero la moción se declaró sin lugar por haberse presentado demasiado tarde. Véase el *per curiam* de julio 28, 1928.

*Attorney General George C. Butte,* y *J. A. López Acosta* y *Felipe Janer, Sub-Procuradores,* abogados del apelante; *Juan B. Soto,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Las secciones 12 y 13 de la Ley No. 63 del año 1919, Sesión Ordinaria, páginas 355 *et 'seq.,* en lo pertinente, disponen lo que sigue:

"Sección 12.—Se crea por esta Ley una Comisión del Riego que se compondrá de cinco personas, dos de las cuales serán nombradas por el Gobernador de Puerto Rico y desempeñarán sus cargos por el tiempo que el Gobernador estime conveniente. Los otros tres miembros de la citada comisión serán elegidos por los propietarios de los terrenos regables, situados en el distrito del riego, residiendo dos de ellos en dicho distrito; y todos desempeñarán sus cargos hasta que hayan cumplido los deberes impuestos a dicha Comisión del Riego por esta Ley, a menos que sean antes destituidos por el Gobernador, en virtud de cargos de abandono, negligencia, mala conducta o mala fe. . . . .

"Sección 13.—Para la elección de los tres miembros electivos de dicha comisión, cada elector, según más adelante se indica, remitirá al Consejo Eecutivo, bajo pliego sellado, su voto o votos, y la elección se celebrará en la época, y según las reglas y reglamentos que fije el Consejo Ejecutivo de Puerto Rico y con arreglo a las condiciones siguientes:

  \*       \*       \*       \*       \*       \*       \*

"Los votos para la elección de los citados tres miembros de la Comisión serán remitidos al Consejo Eecutivo de Puerto Rico, de acuerdo con los reglamentos y del modo que el Consejo Eecutivo prescriba; y en general el Consejo Ejecutivo de Puerto Rico tendrá atribuciones amplias y plenas para dictar las reglas y reglamentos necesarios referentes a dicha elección, incluyendo la facultad de decidir sobre la validez de los votos emitidos, y hará el escrutinio y declarará el resultado del mismo."

El 8 de junio de 1926, el Consejo Ejecutivo hizo el escrutinio de la elección celebrada de conformidad con las disposiciones de dicha ley, y halló que Ramón Añeses Morell había recibido 219 votos, Francisco Abreu Díaz 198 votos, y Ramón Banuchi 137. La persona que les seguía recibió 102 votos, y así sucesivamente. El Consejo Ejecutivo se reunió el 26 de octubre de 1926 y leyó un informe rendido por el Procurador General de Puerto Rico fechado el 25 de octubre de 1926, informe que será copiado más adelante en esta opinión, en el cual se expresaba la idea de que los señores Añeses y Banuchi, Alcaldes de Aguadilla e Isabela, en adición a sus cargos, no podían ocupar legalmente el de Comisionados de acuerdo con la Ley del Riego, cargos para los cuales la ley fija como compensación $12 por cada día de servicio activo.

Los peticionarios y apelados en este caso son los alcaldes de Aguadilla e Isabela, respectivamente, y a quienes se refiere la opinión del procurador General. En la citada sesión, y a moción del Sr. Esteves, Comisionado del Interior, se adoptó la mencionada opinión del Procurador General. Hubo algunos procedimientos ulteriores, y el 30 de noviembre de 1926, el Consejo Ejecutivo, reiteró, en efecto, su resolución anterior de que los Sres. Añeses y Banuchi no estaban calificados para ser miembros de la Comisión del Riego.

Los peticionarios y apelados radicaron una solicitud de *mandamus* en la Corte de Distrito de San Juan, siendo resuelta a su favor. El Consejo Ejecutivo ha apelado, señalando la comisión de tres errores, ninguno de los cuales levanta claramente la cuestión principal discutida ante el Consejo Ejecutivo, a saber, la capacidad o incapacidad de los señores Añeses y Banuchi para percibir compensación por dos cargos o para desempeñar los mismos. No obstante, estas cuestiones fueron discutidas ante este tribunal durante la vista, y los apelados las argumentan en su alegato.

█ Nominalmente, el primer señalamiento de error parece levantar la cuestión principal, pero el alegato del apelante,

al discutir el error, se limita a decir que el recurso de *man-damus* no puede reglamentar o revisar el ejercicio de la discreción de cualquier junta, cuando el acto de que se queja el peticionario es *quasi-judicial,* o algo por el estilo. Se admite que los demandantes recibieron el número necesario de votos para ser electos y que tendrían derecho a formar parte de la Comisión del Riego si no fuera por estar descalificados, de acuerdo con el inciso 13 del artículo 34 de la Carta Orgánica. En este caso, el Consejo Ejecutivo actuó meramente como una junta electoral al efectuar el escrutinio de las elecciones. Cuando no surgen dudas en cuanto a la elección en debida forma de determinadas personas, los deberes de una junta electoral o de escrutinio son meramente ministeriales. *State ex rel Harvey* v. *Mason,* 88 Pac. 126, 9 L.R.A. (N. S.) 1221; 9 R.C.L. 110.

■ El segundo señalamiento de error dice así:

"Erró la Corte inferior al establecer que el recurso de mandamus era el adecuado en el presente caso, y no el de quo warranto, según se alegó por la parte demandada y apelante."

Aparentemente, la teoría es que otras personas ocupaban los cargos que debían desempeñar los Sres. Añeses y Banuchi y que, por tanto, el derecho de tales personas a desempeñar esos cargos debía ser impugnado mediante el recurso de *quo warranto.* La cuestión suscitada ante la corte de distrito, y, por consiguiente, ante este tribunal también, fué si el Consejo Ejecutivo podía ser obligado a declarar que los peticionarios habían sido electos. Sus derechos posteriores serían objeto de investigación ulterior, en caso de que otras personas continuaran formando parte de la Comisión para la cual ellos habían sido electos debidamente. Una vez que el Consejo Ejecutivo declarara que los peticionarios habían sido electos, no podría asumirse que otras personas continuaran actuando en la Comisión del Riego.

■ El tercer error señalado no se discute formalmente en el alegato del apelante, a excepción, tal vez, de que tal

cosa se haya hecho bajo el segundo señalamiento. El apelante alegó que el Gobernador forma parte del Consejo Ejecutivo, y que dicho funcionario no puede ser demandado sin su propio consentimiento. Que se puede entablar una petición de *mandamus* contra el Gobernador, ha sido resuelto varias veces por este tribunal. *Lutz* v. *Post*, 14 D.P.R. 860; *Jiménez* v. *Reily*, 30 D.P.R. 626. También se ha resuelto frecuentemente que cuando el Gobernador forma parte de determinada junta, eso no impide que se entable una acción contra la junta.

██ La verdadera cuestión en controversia en este caso es la interpretación del inciso 13 del artículo 34 de la Carta Orgánica, el cual lee como sigue:

"Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo."

En la opinión que el Procurador General presentó al Consejo Ejecutivo, decía lo siguiente:

"Por la presente acuso recibo de su carta de junio 8, 1926, trasmitiéndome la siguiente resolución del Consejo Ejecutivo, adoptada por dicho organismo en la misma fecha:

"*Por cuanto*, ha llegado a conocimiento del Consejo Ejecutivo que dos de las tres personas que recibieron el mayor número de votos para miembros de la Comisión del Riego Público de Isabela, y quienes de lo contrario tendrían derecho a ser declarados electos, están actuando como alcaldes, el Sr. Ramón Añeses Morell como Alcalde de Aguadilla, y el Sr. Ramón Banuchi como Alcalde de Isabela; y

"*Por cuanto*, en vista del hecho de que surge la cuestión legal de si dichos señores están calificados para desempeñar ambos cargos, esto es, como alcaldes municipales y como miembros de la Comisión del Riego Público de Isabela;

"*Por tanto*, resuélvase que no se adopte medida alguna con relación a estos dos señores, y que el asunto sea y por la presente es diferido, y que el mismo sea sometido al Procurador General para que éste rinda su opinión.

"La contestación a la cuestión suscitada por esta resolución se

halla en la interpretación del párrafo 13 del artículo 34 de la Carta Orgánica de Puerto Rico, que dispone:

"'Con excepción de aquellos casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, *ni aumentará o disminuirá su sueldo o emolumentos después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo.*' (Las bastardillas son mías.)

"A mi juicio, teniendo en cuenta el fin y espíritu manifiestos de esta disposición, la misma deberá interpretarse en el sentido de que ninguna persona puede ocupar más de un cargo o empleo en o bajo la autoridad del Gobierno de Puerto Rico, para el desempeño del cual la ley determine una remuneración.

"Cuando la ley fija compensación a un cargo, no es el propósito de que tal compensación sea una mera gratificación al ocupante del cargo ni un acto de generosidad por parte del cuerpo legislativo. Dicha compensación se le asigna al cargo por razones importantes de orden público, y se convierte en parte integrante del cargo. Por este motivo, la compensación que un cargo lleva consigo no puede ser renunciada legalmente por la persona que lo ocupa, a menos que así lo disponga expresamente la ley. Hacer tal cosa sería evadir de un modo palpable el fin de la ley. La Carta Orgánica no agrega al artículo citado: '*disponiéndose,* sin embargo, que cualquier número de cargos podrán ser desempeñados por una sola persona, siempre que esa persona renuncie a la remuneración de todos los cargos menos la de uno,' y no tenemos derecho a insertar esa disposición por inferencia. Si un empleado pudiera renunciar a la compensación de uno o más cargos, sería concebible que tal persona podría desempeñar no ya dos cargos solamente, sino cualquier número de cargos del Gobierno de Puerto Rico, devengando remuneración por uno solo. En mi criterio, nunca fué la intención de la Carta Orgánica permitir tal estado de cosas.

"Los municipios de Puerto Rico son creados por nuestra Carta Orgánica y nuestras leyes insulares, y de ellas derivan sus derechos y poderes. La compensación asignada a los cargos municipales está autorizada por los estatutos insulares, y las asambleas municipales fijan la cuantía de la misma de acuerdo con tal autorización.

"Interpretando como yo interpreto la Carta Orgánica en el sentido de que ninguna persona puede desempeñar más de un cargo o empleo al cual la ley asigne una remuneración, es mi opinión que los alcaldes de Aguadilla e Isabela no pueden legalmente ocupar los cargos adicionales de miembros de la Comisión del Riego, a los cua-

les la Ley fija compensación y dieta de $12.00 por cada día de servicio activo. (Fdo.) George C. Butte, Procurador General.''

La contención principal de los apelados es que los dos cargos son compatibles, y que cuando dos cargos son compatibles, una disposición como la contenida en el artículo 34 no es aplicable, citando la decisión de la Corte Suprema de los Estados Unidos en el caso de *United States* v. *Saunders*, 120 U. S. 126, y otros casos. En el caso de *Saunders* estaba envuelta la interpretación de las siguientes secciones de los Estatutos Revisados:

''Sec. 1763. Ninguna persona que desempeña un puesto cuyo sueldo o compensación anual sea $2,500 recibirá compensación por desempeñar los deberes de cualquier otro cargo, a menos que la ley así lo autorice expresamente.

''Sec. 1764. No se concederá bonificación o remuneración a ningún funcionario o empleado por haber desempeñado los deberes correspondientes a otro funcionario o empleado en el mismo u otro departamento; y no se concederá bonificación o remuneración alguna por servicios extraordinarios de cualquier clase que fueren, que cualquier funcionario o empleado fuese llamado a prestar, a menos que la ley así lo autorice expresamente.

''Sec. 1765. Ningún funcionario en rama alguna del servicio público ni ninguna otra persona cuyo sueldo, retribución o emolumento sea fijado por la ley o por los reglamentos, recibirá un sueldo adicional o bonificación extraordinaria o remureración de clase alguna, por el desembolso de fondos públicos o por cualquier otro servicio o trabajo de cualquier clase, a menos que la ley así lo autorice expresamente, y la asignación para ese fin explícitamente diga que se hace para tal sueldo adicional, bonificación extraordinaria o remuneración.''

La corte dijo:

''Somos de opinión que considerando estas secciones conjuntamente, el fin de la legislación fué impedir que una persona desempeñara un cargo o empleo para el cual la ley fija determinada remuneración por vía de sueldo o por algún otro concepto, en pago de todos los servicios que, como tal funcionario, sea llamado a prestar,—reciba remuneración extraordinaria, bonificación adicional o sueldo alguno por otros servicios que se le exija preste, bien mediante

una ley del Congreso o por orden del jefe de su departamento, o en alguna otra forma, en adición a los deberes ordinarios del cargo que desempeña o relacionados con el mismo; pero que no son aplicables al caso de dos puestos, plazas o empleos distintos, cada uno de los cuales tiene deberes y compensación independientes, pudiendo ambos ser desempeñados al mismo tiempo por una sola persona. En este último caso, ante los ojos de la ley, el funcionario se convierte en dos funcionarios, y desempeña dos cargos o empleos, cuyas funciones son independientes y distintas entre sí, y de acuerdo con todas las decisiones, tiene derecho a recibir las dos remuneraciones. En el primer caso, presta servicios adicionales a los correspondientes a su cargo, y la ley ha dispuesto que entonces no recibirá compensación alguna por prestar esa clase de servicios, a menos que una ley especial así lo disponga."

Otro razonamiento y otras decisiones pueden hallarse en el caso de *Lindsley* v. *City and County of Denver*, 172 Pac. 710.

Los letrados de la Oficina del Procurador General aparentemente habían argüido que el artículo 34, *supra*, prohibe que cualquier funcionario reciba compensación por más de un cargo o que desempeñe más de una plaza, pero el abogado de los apelados llama la atención hacia el hecho de que la sección 1764 de los Estatutos Revisados, *supra*, contiene palabras similares. Del lenguaje usado por el Juez Asociado Sr. Miller en el caso de *Saunders, supra*, deducimos que las prohibiciones contenidas en las secciones 1763, 1764 y 1765 fueron promulgadas para impedir que cualquier persona que desempeñara un solo cargo recibiera compensación que correspondiera a cualquier otro empleo, a menos que tal persona fuese nombrada o elegida para tal otro cargo. De acuerdo con el derecho común, sin necesidad de que hubiera un precepto estatutorio al efecto, ninguna persona tenía derecho a ocupar dos cargos incompatibles, pero si los mismos eran compatibles, nada había en la ley que impidiera que fueran desempeñados por una sola persona. En los libros pueden hallarse numerosas citas en que las cortes resuelven que determinados cargos son compatibles entre sí. Nota del

caso de *Peterson* v. *Culpepper,* 2 A. & E. Ann. Cas. 380; 22 R.C.L. 412.

La fraseología del artículo 34 es algo distinta a la de las secciones 1763, 1764 y 1765, *supra.* Cuando el Congreso dijo: "ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo," tal vez ésa sería una prohibición más absoluta que cualquiera de las contenidas en las secciones citadas de los Estatutos revisados. No obstante, creemos que la autoridad y el razonamiento del caso de *United States* v. *Saunders, supra,* es aplicable.

Algo más técnicamente, quizás podría decirse que la prohibición solamente se extiende a la Legislatura. El artículo 34 es aplicable enteramente a actos legislativos, y el párrafo 13 específicamente quiere decir que ninguna ley permitirá que un funcionario o empleado perciba compensación por más de un cargo o empleo. Se le prohibe a la Legislatura que apruebe tal ley. Si la Legislatura trata de pasarla, sería anticonstitucional, y, por tanto, ninguna persona podría recibir remuneración con arreglo a esa ley. Sin embargo, si los cargos no son incompatibles entre sí y la Legislatura no ha dado paso alguno, la prohibición contenida en el artículo 34 no es aplicable.

La preponderancia de las autoridades es al efecto de que estos preceptos constitucionales no son aplicables a empleos municipales. *State* v. *Townsend,* 72 Ark. 180; 2 Ann. Cas. 377; 22 R.C.L. 415.

La idea primordial de la Carta Orgánica fué considerar los empleos desempeñados directamente en el Gobierno de Puerto Rico.

Volviendo nuevamente a la cuestión de incompatibilidad, es evidente que no sólo no hay incompatibilidad entre los deberes de un alcalde y los de un miembro de la Comisión del Riego, sino que en realidad de verdad sería altamente aconsejable que los alcaldes de los pueblos más interesados tu-

vieran la oportunidad de formar parte, en unión a otras personas, de la Comisión del Riego.

■ Aunque deseamos basar nuestra decisión en los fundamentos anteriores, sin embargo, creemos que las actuaciones del Consejo Ejecutivo y del Procurador General fueron prematuras. No sólo los Sres. Añeses y Banuchi no han tratado de devengar compensación extraordinaria alguna, sino que no han tenido la oportunidad de hacerse cargo de su empleo. *Non constat* que no podrían aceptar el cargo de miembros de la Comisión del Riego, y *non constat* que posiblemente no renunciarían sus puestos de alcaldes. Cada uno de ellos tal vez podría prestar sus servicios sin recibir compensación alguna. Aparece, por tanto, que la cuestión levantada por el Consejo Ejecutivo y por el Procurador General es académica.

Parece conveniente agregar con relación a esto que si dos cargos son incompatibles, entonces, según ha sido resuelto por la gran preponderancia de las autoridades, la aceptación del segundo deja vacante el primero. *Howard* v. *Harrington*, L.R.A. (1917A) 211; Nota de Ann. Cas. 1915 A 532; 22 R.C.L. 418.

De suerte que surgiría la inconsistencia, de poder surgir alguna, en caso de que los Sres. Añeses y Banuchi continuaran desempeñando los cargos de alcaldes de sus respectivas comunidades. Aún en el caso extremo que estamos suponiendo, parecería como si el municipio fuera el llamado a quejarse, más bien que El Pueblo de Puerto Rico.

*Debe confirmarse la sentencia apelada.*

Los Jueces, Presidente Sr. del Toro y Asociado Sr. Hutchison, están conformes con la sentencia.

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SR. DEL TORO.

Estoy enteramente conforme con la primera parte de la opinión de la corte emitida por su Juez Asociado Sr. Wolf. Es evidente que el auto de mandamus es el remedio adecuado en este caso.

No estoy conforme en que la jurisprudencia establecida por la Corte Suprema Nacional en el caso de *United States v. Saunders*, 120 U. S. 126 sea enteramente aplicable. A mi juicio tanto la fraseología como el espíritu de los preceptos de ley interpretados por la Corte Suprema en dicho caso son distintos de la fraseología y del espíritu del inciso 13 de la sección 34 del Acta Orgánica en vigor en esta isla.

Eso no obstante, opino que debe confirmarse la sentencia recurrida porque no se ha demostrado que el cargo de Alcalde que desempeñan los peticionarios sea incompatible con el de Comisionado de Riego para el cual fueron elegidos. Lo que la Ley Orgánica prohibe es que se perciba compensación por más de un cargo o empleo.

Existen cargos incompatibles que claramente no pueden ser desempeñados por una misma persona sin que sufra uno u otro, pero eso no sucede todas las veces. Un alcalde que desee cumplir con su deber, tiene en verdad mucho que hacer por pequeña que sea la comunidad en que ejerza sus funciones. Sin embargo, el servicio público no sufriría porque de cuando en cuando asistiera a las sesiones de la Comisión de Riego. Al contrario, en el seno mismo de la Comisión estaría ocupado en un trabajo que hecho a conciencia redundaría seguramente en bien de su comunidad, en un campo de acción similar al de sus actividades como alcalde.

Lo que el Congreso fijó como la política pública a seguir en este territorio al prohibir a su Legislatura que aprobara ley alguna que permitiera a ningún funcionario o empleado percibir compensación por más de un cargo o empleo, es ello mismo, a saber, que en la práctica tal caso no ocurra y si ocurre pueda suprimirse por ilegal.

La prohibición no consiste, repetimos, en el desempeño de dos o más cargos que no sean incompatibles. La prohibición expresa es la percepción de compensación por más de un cargo o empleo. La experiencia demuestra que no ya en

situaciones de emergencia sino en las ordinarias de nuestra vida de suyo tan intensa y complicada, hombres de verdadero valer, de espíritu público, desempeñan eficazmente además de sus cargos principales no uno' sino varios cargos en comisiones públicas importantes a las que dedican todo el tiempo sobrante de que pueden disponer. Interpretar la Ley Orgánica en el sentido de prohibir el desempeño de esos otros cargos sin percibir remuneración alguna, por el hecho de que la ley o los reglamentos fijen dietas a los comisionados, sería no sólo ir contra la letra sino contra el espíritu de la ley y el bien efectivo de la comunidad.

Lo que se ha querido prohibir y se ha prohibido es que se perciba más de una remuneración, porque si bien tal circunstancia pudiera ser correcta y justa en muchos casos, podría degenerar en una práctica inmoral, dañosa en todos sentidos al servicio público.

En cuanto a que la preponderancia de las autoridades se muestre en el sentido de que estos preceptos constitucionales no son aplicables a empleos municipales, bastará decir que la ley que rige en Puerto Rico es demasiado amplia para admitir tal interpretación restrictiva. Es la Asamblea Legislativa de Puerto Rico la llamada a legislar sobre todo lo que a los municipios de la isla concierne y si no puede dictar ley alguna. que autorice en ellos tal práctica, claro es que debe concluirse que la regla de política pública sentada comprende lo mismo al gobierno insular que al municipal.

*Por virtud de todo lo expuesto, estimo que debe declararse el recurso sin lugar y confirmarse la sentencia apelada,* ya que pudiendo los peticionarios Añeses y Banuchi desempeñar sus puestos sin percibir dietas o remuneración alguna, no debe negarse el Consejo Ejecutivo a expedirles el certificado de elección que necesitan para tomar posesión de sus cargos.

Estoy autorizado para decir que el Juez Asociado Sr. Hutchison está conforme con esta opinión.