MIGUEL MARTORELL, demandante y apelante, *v.* ALFREDO LÓPEZ, RAFAEL A. RODRÍGUEZ y GUSTAVO PADRÓ, ALCALDE, AUDITOR y TESORERO MUNICIPAL, respectivamente, de Dorado, P. R., demandados y apelados.

No. 5550.—*Sometido:* Marzo 12, 1931. *Resuelto:* Mayo 22, 1931.

L. *Llorens Torres, Angel Torres* y *Molina, Dubón & Ochoteco,* abogados del apelante; *R. Cuevas Zequeira,* abogado de los apelados; *Hon. Attorney General James R. Beverley* y *A. Ortiz Toro,* Primer Subprocurador General Auxiliar, como *amicus curiae.*

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante estaba desempeñando el cargo de Juez de Paz del Dorado en esta Isla por nombramiento del Gobernador y con sueldo pagado por el municipio de dicho pueblo, fijado últimamente en $30 mensuales, cuando fué electo miembro suplente de la Junta de Revisión e Igualamiento que devenga diez dólares como dieta por cada sesión a que asista. Desde entonces ha venido desempeñando ambos cargos, pero los demandados-apelados como empleados del municipio del Dorado se han negado a satisfacerle el sueldo como juez de paz; y en el procedimiento de *mandamus* interpuesto por el apelante para que se ordenase a los demandados que le satisfagan ese sueldo alegan ellos que no están obligados a pagarle por el hecho de haber aceptado el peticionario el cargo para el cual fué electo, cobrando las dietas de él, lo que es una renuncia del sueldo del cargo de juez.

La corte inferior resolvió que no hay incompatibilidad entre ambos cargos, pero negó la expedición del auto de *mandamus* porque el peticionario no tiene derecho a cobrar dos sueldos. Este fundamento de la corte inferior es el único motivo de esta apelación, en la que se alega que es erróneo. El Pueblo de Puerto Rico fué admitido en esta apelación como *amicus curiae* y sostiene en su alegato que no existe el motivo de error aducido por el apelante.

Tanto la corte inferior como los apelados y el *amicus curiae* dicen que la resolución de esa cuestión en el caso de *Añeses et al.* v. *Consejo Ejecutivo,* 38 D.P.R. 267, fué *obiter dictum* porque la cuestión a resolver entonces era

otra, a saber, si los señores Añeses y Banuchi debían ser nombrados Comisionados de Riego por haber sido electos para esos cargos. Es verdad que el Consejo Ejecutivo se negó a nombrar a dichos señores Comisionados de Riego, pero su negativa se fundó únicamente en que siendo ambos alcaldes con sueldo no podían cobrar las dietas asignadas como remuneración a los Comisionados de Riego, y por tanto ésa fué la cuestión fundamental en dicho caso, que fué tratada por las partes en la vista de la apelación y en sus alegatos, por lo que con razón pudo decir la mayoría del Tribunal en dicho caso que ésa era la verdadera cuestión en él. También fué considerada por los dos jueces disidentes en el voto que escribieron. Por consiguiente, no puede sostenerse que esa resolución en ese caso fué *obiter dictum,* como dice la corte inferior.

La Corte Suprema de los Estados Unidos en el caso *United States* v. *Saunders,* 120 U. S. 126, se confrontó con la misma cuestión que más tarde fué resuelta por este tribunal en el caso de Añeses, *supra,* y la misma que es objeto de esta apelación. En el caso de Saunders el Tribunal Supremo de los Estados Unidos insertó en su opinión, y lo mismo hicimos en el caso de Añeses, los artículos 1763, 1764 y 1765 de los Estatutos Revisados de los Estados Unidos, que leen así:

"Sec. 1763.—Ninguna persona que desempeña un puesto cuyo sueldo o compensación anual sea $2,500 recibirá compensación por desempeñar los deberes de cualquier otro cargo, a menos que la ley así lo autorice expresamente.

"Sec. 1764.—No se concederá bonificación o remuneración a ningún funcionario o empleado por haber desempeñado los deberes correspondientes a otro funcionario o empleado en el mismo u otro departamento; y no se concederá bonificación o remuneración alguna por servicios extraordinarios de cualquier clase que fueren, que cualquier funcionario o empleado fuese llamado a prestar, a menos que la ley así lo autorice expresamente.

"Sec. 1765.—Ningún funcionario en rama alguna del servicio público ni ninguna otra persona cuyo sueldo, retribución o emolumento sea fijado por la ley o por los reglamentos, recibirá un sueldo

adicional o bonificación extraordinaria o remuneración de clase alguna, por el desembolso de fondos públicos o por cualquier otro servicio o trabajo de cualquier clase, a menos que la ley así lo autorice expresamente, y la asignación para ese fin explícitamente diga que se hace para tal sueldo adicional, bonificación extraordinaria o remuneración.''

Y tomándolos en consideración resolvió que un empleado podía recibir remuneración por dos cargos públicos cuando no eran incompatibles, citando el caso de *U. S.* v. *Brindle,* 110 U. S. 688, y el de *Converse* v. U. S., 21 How 463, 62 U. S. 462. Otro caso posterior, *U. S.* v. *McCandless,* 147 U. S. 962, también fué de doble compensación a un empleado público y se decidió que no siendo los cargos incompatibles tenía derecho el empleado a ambos sueldos.

En el caso de Añeses, *supra,* se tuvo en cuenta el artículo 34 de nuestra Carta Orgánica según el cual ''Con excepción de aquellos, casos en que se disponga lo contrario en esta Ley, ninguna ley prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo o emolumento después de su elección o nombramiento, ni permitirá a ningún funcionario o empleado percibir compensación por más de un cargo o empleo''; pero se declaró que no obstante ella, la autoridad y el razonamiento del caso de Saunders es aplicable.

Los apelados y el *amicus curiae* citan también en oposición al peticionario y a lo resuelto en el caso de Añeses que el Código Político en su artículo 177, según fué enmendado en 1909, dispone lo siguiente:

''Ningún empleado en cualquier ramo del servicio público bajo el Gobierno Insular, ni otra persona cuyo salario, haber o estipendio, estuviere fijado por la ley o los reglamentos, percibirá paga adicional, o compensación extraordinaria de ninguna especie, del Gobierno Insular o de cualquier dependencia de éste, en ninguna forma, por el desembolso de caudales públicos, o por ningún otro servicio que prestare, a no estar expresamente autorizado por la ley y constare por medio explícito en la correspondiente asignación que se destinaba ésta a dicha paga adicional o compensación

extraordinaria; *Disponiéndose, sin embargo,* que nada de lo aquí provisto tendrá aplicación a los médicos y practicantes que presten sus servicios en las cárceles de distrito y establecimientos sanitarios y benéficos a cargo de El Pueblo de Puerto Rico, los cuales podrán percibir, en lo que respecta a médicos, una remuneración adicional por este concepto que no exceda del cincuenta (50) por ciento del sueldo principal que disfrutaren como empleados de El Pueblo de Puerto Rico o de cualquier municipalidad de la Isla.''

Basta cotejar el artículo 177 de nuestro Código Político con la sección 1765 de los Estatutos Revisados de los Estados Unidos que hemos copiado al principio para llegar a la conclusión de que ambos son substancialmente iguales, pues en los dos se dispone que ningún empleado del servicio público ni otra persona cuyo salario estuviere fijado por la ley percibirá paga adicional o compensación extraordinaria de ninguna especie por el desembolso de fondos o caudales públicos o por cualquier otro servicio, a menos que la ley así lo autorice expresamente y la asignación para ese fin diga que se destina a dicha paga adicional o compensación extraordinaria. Pues bien, con esos preceptos iguales y teniendo en cuenta el artículo 1765 citado, el Tribunal Supremo de los Estados Unidos resolvió el caso de Saunders a que nos hemos referido. La excepción que contiene el *disponiéndose* del artículo 177 y otra en la sección 1773 de los Estatutos Revisados de Puerto Rico referente a los honorarios de miembros de las juntas de médicos examinadores, de farmacia y de dentistas, no altera la regla general establecida en dicho artículo 177.

Para sostener los apelados su alegación de que la aceptación de dos cargos incompatibles constituye una renuncia del primero citan el caso de Añeses, *supra,* y el de *Howard* v. *Harrington,* 114 Maine 443, en aquél mencionado, pero esa declaración no es aplicable al presente caso porque la corte inferior declaró que los cargos del peticionario como juez de paz y como Comisionado de la Junta de Revisión e Igualamiento no son incompatibles; y en efecto no lo son, pues las funciones de uno y otro no tienen relación que los haga in-

compatibles, ya que el primero es para administrar justicia en pequeños asuntos y el otro para resolver sobre las reclamaciones que presenten los contribuyentes con referencia a la tasación de sus bienes contributivos y sobre reclamaciones de imposición de contribuciones sobre la propiedad y sobre ingresos. Los apelados dicen que esos cargos son incompatibles porque mientras se desempeña uno se está ausente del otro y que se entorpecen.

No existe una regla precisa respecto a cuándo existe incompatibilidad entre dos cargos. Los tribunales no quieren darla porque se hace difícil sentar una regla general y cada caso lo resuelven por las circunstancias del mismo. De la estipulación de hechos convenida por las partes y que sirvió para la sentencia no aparece que el peticionario haya dejado de atender sus funciones como juez de paz; y el hecho de que tenga que trasladarse del Dorado, pueblo muy inmediato a San Juan, para atender aquí a sus deberes en la Junta de Revisión e Igualamiento, que según la ley se reúne en sesión ordinaria los meses de enero, mayo y septiembre, y según los apelados dos veces por semana, no es una ausencia de su primer cargo de tal naturaleza que haga incompatibles esos cargos.

*La sentencia apelada debe ser revocada y devolverse el caso a la corte inferior para que dicte otra no inconsistente con esta opinión, sin especial condena de costas.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison disintieron. *