El Pueblo de Puerto Rico, ex rel. Rafael Arjona Siaca, relator y apelante, *v.* Rafael Landrón y Landrón, querellado y apelado.

Núm. 8082.—*Sometido:* Febrero 5, 1940. *Resuelto:* Junio 13, 1940.

68

*Hon. Procurador General George A. Malcolm (Ex-Procurador General Interino E. Campos del Toro, en el alegato) y R. García Cintrón, Subprocurador Auxiliar, abogados del apelante; Bolívar Pagán y J. Valldejuli Rodríguez, abogados del apelado.*

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Con fecha 15 de septiembre de 1938 y a instancias de Rafael Arjona Siaca, El Pueblo de Puerto Rico, por su Procurador General, instó esta información de *quo warranto* en la Corte de Distrito de San Juan. El auto se conoce generalmente como uno de la naturaleza de *quo warranto*.

Rafael Landrón y Landrón fué nombrado Comisionado Asociado de la Comisión de Servicio Público y desempeñaba los deberes del cargo cuando, en las elecciones generales de 1936, fué electo miembro de la Junta de Comisionados de la Capital. Aceptó este último cargo. El peticionario sostiene que con tal aceptación, el cargo de miembro de la Comisión de Servicio Público de Puerto Rico quedó vacante, por ser incompatibles ambos cargos, y solicitó que el puesto antes mencionado fuera declarado vacante. El derecho del relator a invocar la ayuda del Procurador General no fué impugnado. Resulta un punto importante en este caso que el cargo de miembro asociado de la Junta de Comisionados de la Capital sea *ad honorem*. La Asamblea Legislativa de Puerto Rico, al disponer que el cargo fuera *ad honorem*, inmediatamente asumió que la persona electa para el mismo tendría ingresos independientes.

La Corte de Distrito de San Juan declaró sin lugar la información y El Pueblo de Puerto Rico apeló. El primer señalamiento de error lee así:

"La Corte de Distrito de San Juan erró al aplicar al caso de autos la Ley núm. 32, aprobada el 4 de mayo de 1933 (Leyes de 1932-33, pág. 255), y que enmienda la sección 1 de la Ley núm. 99 de 1931 (pág. 623)."

El apelante sostiene que la corte inferior admitió que según el derecho común los dos cargos eran incompatibles, aunque puede que lo sean o no. Véase la opinión dictada por este tribunal en *Añeses* v. *Consejo Ejecutivo*, infra. La corte inferior no lo dijo así claramente, pero asumió que dichos cargos eran incompatibles en derecho común y manifestó no obstante que el poder legislativo ya había determinado en dicha ley qué debía ser incompatible y qué no. Esta ley provee:

"Artículo 1.—El municipio de San Juan, Puerto Rico, tal como se encuentra constituído por la legislación vigente, queda por la presente abolido. En lugar de dicho municipio, por la presente se crea una corporación política y jurídica de gobierno local que constituirá un distrito especial, con los mismos límites territoriales que pertenecen actualmente al Gobierno de la Capital, cuyos organismos y funcionarios no tendrán otras facultades, restricciones, incompatibilidades, ni impedimentos que los dispuestos en esta ley, y en la Ley Orgánica." (Leyes de 1933, pág. 255.)

La corte se fundó en el caso de *Klair* v. *Bacharach,* (N.J. 1932) 159 Atl. 538. El apelante no nos convence de que la corte estuviera equivocada al aplicar este caso, mas no hallamos que sea necesario analizarlo.

Aunque no recordamos que la cuestión fuera discutida por nosotros, al apelarse de una decisión de este tribunal la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito resolvió que la incompatibilidad existente en el derecho común era aplicable a Puerto Rico. *López* v. *Martorell,* 59 F. (2d) 176.

El apelante sostiene que no pudo haber sido la intención de la Asamblea Legislativa al aprobar la Ley núm. 32 de 1933, supra, eliminar todas las incompatibilidades inherentes a los cargos públicos en Puerto Rico. La contención en parte es que si tal hubiera sido la intención del legislador, la ley resultaría fútil, toda vez que la disposición en ella contenida no. se acogía a aquella parte del artículo 34 de la Carta Orgánica que provee que el contenido de toda ley deberá ser claramente expresado en su título y que ninguna ley contendrá más de un asunto. El apelante no cita autoridades específicas y el recuerdo que tenemos de la jurisprudencia es que un estatuto puede ser sostenido por los tribunales si su título es un buen "poste indicador" de lo que contiene la ley. *Rodríguez* v. *P. R. Railway, Light & Power Co.*, 30 D.P.R. 931, 32 D.P.R. 416. Cuando la ley denota la naturaleza general del municipio que el poder legislativo quiso crear y creó, la mención de lo que deba considerarse incompatible fué un mero incidente del fin general que tuvo en mente la legislatura y no puede ser considerada como un asunto independiente. Convenimos, por supuesto, en armonía con el caso de *Pueblo ex rel. López* v. *Pérez Peña*, 54 D.P.R. 804, en que ciertas personas, por razón de sus incapacidades físicas, mentales o morales, no pueden con éxito desempeñar un cargo público, pero ese caso no tiene analogía con el presente, en el cual la única cuestión envuelta es la incompatibilidad de los dos cargos. No se sugirió que el Sr. Landrón tuviera ninguna otra incapacidad.

Luego el apelante en su alegato discute, con cita de autoridades, lo que constituye incompatibilidad. No tenemos duda alguna de que si dos cargos tienen inconsistencias o conflictos más o menos continuados en sus deberes, surge una incompatibilidad. Resolvemos, sin embargo, que tales conflictos o inconsistencias deben ser más o menos permanentes y no meramente casuales.

La opinión en el caso de *López* v. *Martorell*, supra, no resolvió que no podían desempeñarse dos cargos a la vez,

sino meramente que de acuerdo con la Carta Orgánica, no podían recibirse dos sueldos al mismo tiempo; mas estuvo implícito que si los dos cargos son incompatibles el incumbente no puede desempeñar ambos, a pesar de que ningún estatuto así lo disponga. [5] Este tribunal ha resuelto que si dos puestos son incompatibles, la aceptación del segundo deja vacante el primer cargo. *Añeses* v. *Consejo Ejecutivo,* 38 D.P.R. 267.

Hasta ese punto por lo menos, la regla del derecho común está en vigor en Puerto Rico, no como cuestión estatutaria, sino como cuestión de moral pública.

El apelante entonces procede a revisar los deberes de los Comisionados de la Capital y de los miembros de la Comisión de Servicio Público e indica en términos generales que existe un conflicto entre ellos. El apelante no da énfasis a las diferencias existentes, excepto en tanto en cuanto al acueducto de la Capital se refiere. Durante la vista de este caso en la corte inferior, el Secretario de la Comisión de Servicio Público fué llamado a declarar y manifestó que el Sr. Landrón se había inhibido en dos o tres casos en que estaba envuelto el acueducto. Existe necesariamente alguna coincidencia entre las labores de la Comisión de Servicio Público y los trabajos de la Capital, y el Sr. Landrón creyó que esto era así al inhibirse.

El apelado replica que un hombre tan conocido como el Sr. Landrón está sujeto a ser llamado a desempeñar varios cargos públicos o privados. Convenimos en que esto puede sucederle a cualquier ciudadano público prominente. Conforme hemos indicado antes, el cargo exige que la persona que lo desempeñe tenga algunos ingresos independientes. No podemos ver que las inhibiciones sean de naturaleza distinta o mucho más numerosas de las que podría tener el juez de una corte o cualquier miembro de la Comisión de Servicio Público con motivo de alguna otra relación pública o privada.

En algún sitio de su alegato el apelante, al discutir el tercer error, sostiene que la Ley núm. 32 de 1933 sólo puede

referirse a la incapacidad de una persona perteneciente a la Junta de Comisionados de la Capital. Creemos que esto es una expresión clara de la intención del legislador, ya que, desde luego, no puede existir incompatibilidad a menos que una persona fuera nombrada o electa para algún otro puesto. La ley presupone que el incumbente de un cargo esté ocupando algún otro destino. El uso de la palabra "incompatibilidad" excluye cualquiera otra conclusión.

Supongamos, por ejemplo, que el Sr. Landrón hubiera sido electo primero Comisionado de la Capital y más tarde designado miembro de la Comisión de Servicio Público. Entonces, según el apelante, la ley podría ser aplicable. Según esto, resultaría absurdo que cuando una persona desempeña o trata de desempeñar dos cargos, la incompatibilidad dependa de para cuál de los dos puestos se le nombró o eligió primero. Lo que hubiera podido hacerse en este caso fué, después de las elecciones generales en que se eligió al Sr. Landrón, Comisionado de la Capital, nombrársele miembro de la Comisión de Servicio Público, y entonces, bajo tal suposición, su nombramiento para la Comisión de Servicio Público no importaría.

■ El segundo señalamiento de error lee así:

"La Corte de Distrito de San Juan erró al admitir en evidencia la Ordenanza núm. 522 del Gobierno de la Capital, titulada 'Para Regular la Forma de Administrar y Cobrar el Sistema de Acueducto del Gobierno de la Capital; para crear la Junta de Administración del Acueducto, y para otros fines.' "

Nos inclinamos a convenir con el apelante en que si el Sr. Landrón tenía alguna incapacidad antes de que el Gobierno de la Capital aprobara la Ordenanza núm. 522, la aprobación de tal ordenanza no podría obviar tal incapacidad. En interés público la ordenanza podría tender a reducir en lo sucesivo cualquier conflicto sobre el acueducto entre los dos organismos.

■ Bajo el tercer señalamiento de error el apelante discute también las leyes generales federales que prohiben a

los territorios hacer determinadas cosas. No convenimos con él en que semejantes leyes federales son de aplicación a Puerto Rico. La idea es que se apliquen a los territorios generales de los Estados Unidos continentales. Que Puerto Rico tiene poderes legislativos amplios similares a los de cualquier Estado es el resultado de la decisión emitida en *Puerto Rico* v. *Shell Co., 302 U. S. 253*, y más recientemente en el caso de *People of Puerto Rico* v. *Rubert Hnos.,* resuelto en marzo 25, 1940 (309 U. S. 543).

*Hemos cubierto en una u otra forma las cuestiones esenciales envueltas en este recurso y la sentencia de la corte inferior debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.