*In re* MICHAEL CORONA MUÑOZ.

*Número:* AB-96-97          *Resuelto:* 17 de octubre de 1996

*Guillermo Ramos Luiña*, abogado del querellado.

668

— O —

Opinión concurrente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Hernández Denton.

I

El 11 de octubre de 1996 el Tribunal, en lo pertinente, resolvió:

Al considerar los posibles intereses en pugna, o en conflicto, por razón de un funcionario público *ocupar dos (2) cargos simultáneamente*, es forzoso penetrar esa dimensión de las *incompatibilidades*. Ese término equivale al antagonismo, la oposición, la repugnancia que tiene una cosa para unirse con otra, o dos (2) o más personas entre sí. Se refiere, además, a la *imposibilidad legal* de una misma persona de ocupar simultáneamente dos (2) o más cargos, funciones o misiones. *In re Carreras Rovira y Suárez Zayas*, [115 D.P.R. 778, 788 (1984)].

La doctrina reconoce que la incompatibilidad para ocupar dos (2) cargos públicos simultáneamente puede ser de *derecho o de hecho*. La primera, *la incompatibilidad legal,* presupone "la existencia de alguna norma legal que establezca la prohibición del ejercicio de la abogacía y, a la vez, otra actividad, función o cargo". R. Bielsa, *La Abogacía*, 3ra ed., Buenos Aires, Ed. Abeledo-Perrot, 1960, pág. 181. Por disposición expresa de ley, se prohíbe el desempeño simultáneo de dos (2) puestos. *La segunda, cuando ambos puestos tienen incompatibilidades o conflictos más o menos permanentes en sus deberes, no meramente casuales. Pueblo ex rel Arjona v. Landrón*, 57 D.P.R. 67, 70 (1940).

La situación fáctica y los documentos ante nos *reflejan la existencia de una incompatibilidad legal absoluta*. Estatutariamente, a los "fiscales se les prohíbe por la presente ejercer la abogacía". 3 L.P.R.A. sec. 97.

Ciertamente, con la firma del contrato de servicios profesionales con el Senado, el Fiscal Corona Muñoz pretendió soslayar esa prohibición legal y firmó como abogado. Como la ley expresamente le prohíbe al Fiscal Corona Muñoz ejercer la abogacía, existe claramente una *incompatibilidad de derecho*, por razón del cargo de Fiscal que ocupa, de ser, a la vez, abogado (Oficial

Investigador del Senado). (Énfasis suplido y en el original.) *In re Corona Muñoz I*, 141 D.P.R. 640, 647 (1996).

## II

La moción aclaratoria del Fiscal Michael Corona Muñoz no cuestiona la validez y vigencia de la prohibición impuesta a los fiscales por la Asamblea Legislativa de no ejercer la abogacía. Sin embargo, su insistencia en sostener que tenía "un interés propietario sobre ambos puestos" nos obliga a penetrar en la *segunda incompatibilidad*, esto es, *de hecho*.

Sabido es que los fiscales son nombrados por el Gobernador, con el consejo y consentimiento del Senado, para desempeñarse como funcionarios del Departamento de Justicia por un término fijo y unos salarios establecidos por ley. *El fiscal no es un mero empleado, sino un importante funcionario de la Rama Ejecutiva del Gobierno.*

El Fiscal Corona Muñoz *no había cesado en dicho cargo.* En consecuencia, al suscribir, como abogado, un contrato con el Senado, con un sueldo distinto y superior al de Fiscal, y al jurar lealtad total a esa Cámara Legislativa, *ocupó dos (2) cargos con deberes, prerrogativas y sueldos encontrados e incompatibles.* Un fiscal que pertenece al Poder Ejecutivo no puede, simultáneamente, ser asesor-investigador del Poder Legislativo.

La labor de un fiscal precisamente es investigar, presentar acusaciones en casos criminales y representar al Secretario de Justicia en los asuntos jurídicos civiles. Nótese que el contrato de servicios profesionales le impone la obligación al Fiscal Corona Muñoz de "realizar labor de investigación para la Comisión". Según señalamos, investigar es una de las tareas principales que conlleva el cargo de fiscal. De esta manera, el Fiscal Corona Muñoz *pretendió realizar una función inherente a su cargo, pero al servicio de otra rama de gobierno.* Ello resulta antagónico, opuesto y repugnante entre sí, o sea, *incompatible.* Más aun,

cuando potencialmente, parte de su labor será investigar al propio Departamento de Justicia y, posiblemente, citar e interrogar a empleados y funcionarios de ese departamento.

## III

No tiene razón en argüir que tenía un "interés propietario sobre ambos puestos"; esto es, simultáneamente ser fiscal y aprovecharse del contrato de "servicios profesionales" como *abogado* con el Senado. *No puede descansar en una opinión del Secretario de Justicia equivocada, cuyo análisis omitió toda referencia a la incompatibilidad que existe por mandato de ley.*

Esa prohibición no quedó subsanada con la licencia administrativa sin sueldo que en nada alteró su condición de fiscal. Su reclamo de interés propietario dual parece olvidar que, de ordinario, "si dos puestos son incompatibles, la aceptación del segundo deja vacante el primero". *Pueblo ex rel Arjona v. Landrón,* supra, pág. 71, citando a *Añeses v. Consejo Ejecutivo,* 38 D.P.R. 267 (1928).

La prohibición a un fiscal de ejercer la abogacía existía cuando juró y tomó posesión del cargo. ¿Cómo reclamar derechos propietarios sobre un contrato de servicios profesionales de abogado contrario a la ley y que de jure estaba impedido de suscribir?

Una incompatibilidad de cargos por mandato de ley no es susceptible de generar intereses propietarios sobre ambos puestos. Esa contención desvirtúa la prohibición legal a los fiscales "de ejercer la abogacía" y desnaturaliza el alcance de la licencia administrativa sin sueldo, que ni siquiera afectó —disminuyó ni prorrogó— el término para el cual fue nombrado.

Dicha licencia, aunque le releva temporalmente de sus funciones, *no lo separa del cargo.* El beneficio de una licencia sin sueldo de un fiscal precisamente *se origina en la tenencia y*

*retención del mismo cargo; presupone que quien lo ocupa no ha renunciado. Sólo por abstracción y ficción jurídica, puede negarse que un fiscal con una licencia sin sueldo no ocupa la posición.* Como la plaza de Fiscal Auxiliar es creada por ley, ni siquiera puede el Secretario de Justicia o el Primer Ejecutivo llenarla de forma provisional; no hay *desvinculación total ni existe vacante alguna.* (Énfasis suplido y en el original.) *In re Corona Muñoz I,* supra, págs. 648–649.

Finalmente, en su sustrato, no se trata de que el licenciado Corona Muñoz acepte ahora nuestro mandato, sino que desde el primer momento debió cumplir, obedecer y respetar la prohibición legal de actuar como abogado, mientras ocupara el cargo de Fiscal Auxiliar. Al no hacerlo, violó una disposición estatutaria vigente al haber ocupado, de manera simultánea, el puesto de Fiscal Auxiliar y actuar, además, como abogado desde el 30 de agosto al 13 de octubre.

Nos reiteramos en que: "O se ejerce el cargo de fiscal, o se ejerce la abogacía."

— O —

Opinión concurrente del Juez Asociado Señor Fuster Berlingeri, a la cual se une el Juez Presidente Señor Andréu García.

Concurro con la mayoría del Tribunal en que debe archivarse la queja presentada por el Senador Cirilo Tirado Delgado el 25 de septiembre de 1996 contra el Lcdo. Michael Corona Muñoz. Aunque no fue eso lo que hicimos en el caso relacionado de la queja contra la Lcda. Nilka Marrero, existen fundamentos que justifican proceder aquí de otro modo. Así pues, las diferencias que existen en los hechos particulares de las dos quejas, más el interés de una mayoría del Tribunal de evitar la equivocada impresión de terceras personas de que este Foro procura obstaculizar las nuevas vistas senatoriales sobre el Cerro Maravilla, justifican el curso de acción seguido ahora.

Sin embargo, debe quedar claro que, como sucede con cualquier queja disciplinaria que se somete ante este Tribunal, el archivo que ahora ordenamos *se refiere únicamente* a las alegaciones específicas presentadas en la referida queja del Senador Cirilo Tirado, en el contexto concreto de ésta. Con nuestra resolución de hoy, no se pasa juicio sobre el cumplimiento por el licenciado Corona de sus responsabilidades éticas relativas a sus actuaciones como investigador del Senado, ni sobre las limitaciones afines que se originan en su incumbencia como Fiscal Auxiliar de Distrito.

También debe señalarse que son impropias las expresiones públicas del licenciado Corona con respecto a nuestra anterior decisión en este caso, emitida el 11 de octubre de 1996. En particular, llama la atención y consterna su alegación de haber sido privado por este Foro de un supuesto derecho a audiencia, que no se le niega "ni al más vil asesino".

Como intima el Juez Asociado Señor Negrón García en su opinión concurrente de hoy, el licenciado Corona no parece haber entendido correctamente todo el contenido y los fundamentos de dicha decisión. En particular, no parece entender que tratándose de una pura cuestión de derecho la que adjudicamos el 11 de octubre de 1996, no procedía la celebración de vista pública alguna sobre el particular, por lo que los reclamos públicos del licenciado Corona y sus imputaciones a este Foro son infundados.

De cualquier forma, a la luz de las disposiciones del Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, son claramente reprochables las intempestivas expresiones aludidas, y no debe pensarse que un letrado puede incurrir reiteradamente en ellas de manera impune. *In re Cardona Álvarez*, 116 D.P.R. 895 (1986). El hecho de que una mayoría de este Tribunal, por razones de discreción, opte *en este momento* por determinado curso de acción, no da carta blanca alguna.